IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DeRON McCOY, JR.,

    **Plaintiff,**

v.                      CASE NO. 21-CV-3269-SAC

ARAMARK CORRECTIONAL
SERVICES, et al.,

    **Defendants.**

**O R D E R**

Plaintiff, DeRon McCoy, Jr., is a state prisoner housed at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff filed this § 1983 action against Aramark Correctional Services, as well as six individual defendants employed either by Aramark or the Kansas Department of Corrections, alleging violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act based on Defendants' failure to serve him a proper Kosher diet.

Plaintiff has not paid the filing fee or filed a motion to proceed in forma pauperis. Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may

---

[1] Prior to filing the instant complaint on April 15, 2021, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See McCoy v. Henderson*, No. 12-3051-SAC (Doc. 18) (dismissed for failure to state a claim) (D. Kan. Mar. 6, 2013); *McCoy v. KDOC*, No. 16-3239-SAC (Doc. 31) (dismissed for failure to state a claim) (D. Kan. Apr. 10, 2018); *McCoy v. Heimgartner*, No. 17-3014-SAC (Doc. 31) (dismissed for failure to state a claim) (D. Kan. Feb. 28, 2018).

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*. The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury.

Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 29, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated on this 29th day of November, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.