Jocilyn B. Oyler, SC# 22229
Legal Counsel
Kansas Department of Corrections
714 SW Jackson St, 2nd Floor
Topeka, KS 66603
Tel: 785.940.1124
Fax: 785.296.0014
Jocilyn.Oyler1@ks.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERON MCCOY II, #76894** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 21-CV-03269-SAC** |
| ) | |
| **v.** ) | |
| ) | |
| **ARAMARK, et al** ) | |
| ) | |
| **Defendants.** ) | |

## MARTINEZ REPORT

**COMES NOW**, counsel undersigned for the Kansas Department of Corrections as an Interested Party (KDOC), and in accordance with the Court's Order [Doc. #4, filed February 28, 2022] submits the following Martinez Report as an aid to the Court in further screening the merits of DeRon McCoy, II (Resident McCoy) claims. This report is based upon affidavit testimony, as well as previous lawsuits brought by the Plaintiff, and official internal facility documentation available at the time of preparation. KDOC reserves the right to seek leave to supplement this report in the unlikely event additional evidence is discovered or becomes available

### Introduction

Resident McCoy has filed a pro se complaint pursuant to U.S.C. §1983. He claims a denial of his right to free exercise and Religious Land Use and Institutionalized Person Act (R.L.U.I.P.A.) under the First Amendment when the Certified Religious Diet (CRD) was developed and

implemented.  Count II also claims a violation of Plaintiff's First Amendment and RLUIPA failing to supervise preparation and service of CRD meals.  Count III alleges violations of Plaintiff's First Amendment rights and RLUPIA on the basis that he is served a vegan diet.  He seeks compensatory and punitive damages.

### Summary of Investigation

A review of the relevant facility documentation, along with interviews of witnesses and persons knowledgeable about Plaintiff's claims have been compiled, and now are submitted to the Court as Exhibits, either attached hereto or filed under seal, and incorporated as if fully set forth herein.  Based upon the foregoing inquiry, the findings and conclusions are rendered below and cited to each supporting Exhibit.

## INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | KASPER (Kansas Adult Supervised Population Electronic Repository) Information Sheet |
| B | 16-CV-3027 Order |
| C | 16-CV-3027 Memorandum in Support of Motion for Summary Judgment |
| D | IMPP 10-110D |
| E | IMPP 10-106D |
| F | Canteen Print Out |
| G | Declaration of Rabbi Ben Friedman |
| H | 16-3027 Martinez Report |
| I | Grievance Response 1/28/2021 |
| J | Copy of Aramark's Preparing a Kosher Environment |

| K | IMPP 10-119D |
|---|---|

## FINDINGS OF THE KDOC

1. Deron McCoy, #76894 (McCoy) is a Resident currently in the custody of the Kansas Department of Corrections and currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.  He has convictions for Kidnapping, multiple convictions for Criminal Possession of a Firearm by a Felon, Aggravated Escape from Custody, four (4) convictions for Aggravated Assault on a Law Enforcement Officer, as well as numerous other convictions, including felony Possession of Narcotics convictions. He is 39 years old. During his KDOC career, he has had 112 Disciplinary Reports.  (Exhibit A)

1. Resident McCoy was committed into the custody of the Kansas Department of Corrections (KDOC) on March 6, 2012 (Exhibit A)

2. Plaintiff is currently housed at EDCF and has been since January 29, 2018. (Exhibit A)

3. On January 22, 2014, Plaintiff changed his religious preference from Protestant to Assembly of Yahweh.  (Exhibit H)

4. On August 25, 2014, Plaintiff changed his religious preference to Judaism.  (Exhibit H)

5. Plaintiff has filed multiple cases regarding the kosher meal offerings available in the Kansas Department of Corrections facilities.  (Exhibit H)

6. Aramark is responsible for all aspects of food preparation and service at all KDOC facilities, including staffing and supervising food service, including inmate labor.

7. Aramark has policies in place to ensure the CRD is correctly implemented. These policies are periodically reviewed and approved by Aramark's religious authority, Rabbi Fellig. (Exhibit J).

8. The relevant provision as to CRD in the Aramark Contract states: "…[Aramark] shall provide other special diets as mutually agreed upon by [Aramark] and the [KDOC] to include, but not limited to a certified religious diet and certain standardized medical diets. [Aramark] shall be responsible for obtaining review of the certified religious diet by appropriate religious advisor to ensure that the diet meets the requirements of a certified religious diet as defined by the [KDOC] and shall provide proof of the review to the [KDOC].

9. The KDOC's procedures relating to religious diets are set out in Internal Management Policy and Procedure (IMPP) 10-106D and 10-110D. (Exhibit E) (Exhibit D)

10. IMPP 10-106 provides that the menus shall be established by a provider under contract with the Department to provide food services to inmates within the care and custody of the Secretary of Corrections.  (Exhibit E)

11. These menus shall be subject to approval by the Secretary or his designee and reviewed every six (6) months, or whenever substantial changes in the menu are made by a registered dietician.  The menus must meet basic nutritional requirements for all meals served, including any alterations, substitutions and modifications for medical, dental, mental health, religious purposes and alternative meal service. (Exhibit E)

12. Plaintiff's complaints have been litigated in his earlier lawsuits.  He alleges that the CRDs are prepared and stored in a non-Kosher manner.

13. Plaintiff requested a Kosher diet.  He was informed that only a Certified Religious Diet (CRD) is available at EDCF.  (Exhibit I) Plaintiff habitually deviates from a Kosher diet when making his commissary purchases.  On page 5 of Exhibit F, Plaintiff made a purchase of Pepe Hot and Spicy Pork Rinds, which are not Kosher. (Exhibit F)

14. The following provisions appear on each menu: "Follow all kosher preparation instructions in recipes for Entrees, Starches, and Salads. Utensils used for scooping, cooking and serving must be dedicated for kosher food use ONLY and stored in a special area. Serve meal on disposable or designated kosher tray with disposable or kosher only tableware."

15.  All food used in the preparation of the CRD menu is sourced from manufacturers that use kosher manufacturing processes and Aramark maintains certificates for these food items verifying they are kosher-certified. (Exhibit G)

16. All entrée items used in the CRD arrive at EDCF factory sealed, are portioned out of bulk boxes, and are stored on separate shelving units from non-CRD food.

17. All CRD food items have kosher symbols either on the outer bulk packaging, or on the individual packaging.

18. The sliced bread and milk do not have Kosher symbols on the individual packaging. Aramark maintains certificates verifying they are in fact kosher. *Id*. The fact that an item served on the CRD does not maintain a kosher symbol on the packaging does not mean the food is not kosher. (Exhibit C)

19. CRD foods are prepared with their own set of procedures and staff are trained on those procedures by Aramark supervisors. (Exhibit C)

20. 84. EDCF utilizes a separate oven for the preparation of warm CRD food, marked with a large red sign that reads "kosher only."  (Exhibit C)

21.  The stove is cleaned and sanitized prior to being used for the CRD.  (Exhibit C)

22. No steam kettles are used in the preparation of CRD food. (Exhibit C)

23. CRD-designated utensils are used for the service of the CRD menu. These utensils are engraved with a "K" and are kept in a locked cabinet accessible only by Aramark supervisors. Usage of these utensils is noted in the logbook by Aramark supervisors.  (Exhibit C)

24. The CRD for general population inmates is plated in a separate area of the kitchen line. (Exhibit C)

25. Cold CRD items are prepared separately on a table wrapped in plastic. (Exhibit C)

26. Warm CRD items are kept heated in a CRD-designated steam well. (Exhibit C)

27. CRD meals for inmates in segregation are prepared in the CRD-designated area of the kitchen and stacked in a separate area of the food warmer after being wrapped in plastic. The CRD meals in the warmer do not touch non-CRD meals.  (Exhibit C)

28. Menu items used in the CRD are stored separately from non-CRD food items. (Exhibit C)

29. CRD-designated trays, utensils, and pots and pans are washed and stored separately from non-CRD items. (Exhibit C)

30. Defendant Pat Berry was contract manager for KDOC. In that capacity, Ms. Berry reviewed each approved menu, monitors contract requirements, prepared and processed contract amendments, and conducted food service operation inspections. (Exhibit C)

31. Ms. Berry was not present for day-to-day food preparation and service at EDCF. None of the food service employees at EDCF are KDOC employees. (Exhibit C)

Resident McCoy's complaints have been heard by this Court previously.  The rabbinical approval of Rabbi Fellig and Rabbi Friedman have been given to the CRD meals.

Respectfully Submitted,

/s/  Jocilyn B. Oyler
Jocilyn B. Oyler, SC# 22229
Legal Counsel
Kansas Department of Corrections
714 SW Jackson St, 2nd Floor
Topeka, KS 66603
Tel: 785.940.1124
Fax: 785.296.0014
Jocilyn.Oyler1@ks.gov


## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Attorney General's Office
120 S.W. 10th Ave.
Topeka, Kansas 66612-1597

Natasha Carter
Chief Legal Counsel
Kansas Department of Corrections
714 SW Jackson St., Suite 300
Topeka, Kansas 66603

I hereby certify that a true and correct copy of the foregoing was sent via intra-facility mail on this 15th day of June 2022 to:

Deron McCoy, 76894
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042

/s/ Jocilyn B. Oyler
        Jocilyn B. Oyler