# KANSAS DEPARTMENT OF CORRECTIONS

| | **I**NTERNAL **M**ANAGEMENT **P**OLICY AND **P**ROCEDURE | SECTION NUMBER<br>10-110D | PAGE NUMBER<br>1 of 11 |
|---|---|---|---|
| | | SUBJECT:<br>PROGRAMS AND SERVICES: Religious Programs | |
| **Approved By:**<br><br>Secretary of Corrections | | Original Date Issued: | 03-08-16 |
| | | Replaces Version Issued: | 03-08-16 |
| | | **CURRENT VERSION EFFECTIVE:** | **01-30-18** |

| **APPLICABILITY:** | _ ADULT Operations Only | _ JUVENILE Operations Only | **X** DEPARTMENT-WIDE |
|---|---|---|---|

## POLICY STATEMENT

Offenders shall be permitted to practice a religion to which they sincerely ascribe within the limitations imposed by individual facility physical structures, staffing levels, other considerations of security, good order and discipline, consistent with consideration of costs and limited resources. All limitations or prohibitions shall be consistent with considerations of whether the limitation or prohibition is in furtherance of a compelling government interest and is the least restrictive means of furthering that compelling governmental interest. (ACI 4-4517)

## DEFINITIONS

Chaplain's/Warden's/Superintendent's Designee: A facility staff member or volunteer designated with the responsibility to coordinate and oversee religious programs for the offender population and to advise the warden/superintendent regarding religious programming.

Communion Service: A religious service, consisting of prayers and a sacramental rite, in which bread may be dipped lightly into fermented wine or a substitute acceptable to the religion, and consumed by the participants. Many church groups provide the bread and cup separately.

Desiccated: Thoroughly dried out; preserved through drying.

Feathers: Refers to such feathers as they are obtained in their natural state and shall not be inclusive of any feather or feathers that have been altered as to color. All such religious artifacts may be possessed by offenders only so long as their natural colors are maintained. Any feathers that have been colored in any manner shall be considered contraband, shall be seized and confiscated, and the offender possessing such artifacts may be charged with possession of contraband as provided by appropriate Kansas Administrative Regulations.

Frequent: More than twice a calendar year.

Medallion: A religious symbol worn around the neck, next to the body, on a chain.

Medicine Bag: A small pouch-type container made of cloth or leather, closed with a drawstring, used to carry natural objects, such as stones, desiccated animal parts (shells, bones, feathers, claws, teeth, etc.), or herbs.

Religious Observance: The act or practice of complying with a law, custom or ritual of one's faith.

Religious Programs Coordinator: The person designated by the Deputy Secretary of Facilities Management responsible for the coordination and general oversight of the department's religious programs.

<u>Scapular</u>:  A religious devotional article consisting of two (2) small square pieces of cloth joined or suspended by strings, worn across the shoulders under clothing.

**PROCEDURES**

I. **Coordination and Oversight of Religious Programs**

    A. The Deputy Secretary of Facilities Management shall implement this policy.

        1. A divisional staff member may be designated to serve as the Religious Programs Coordinator for the Department.

        2. Each warden/superintendent shall designate a qualified staff member responsible to coordinate, supervise, and provide advice and recommendations regarding religious programming within the facility.

    B. A designated Religious Programs Coordinator shall be responsible for:

        1. Overseeing the implementation of the Department's policy regarding religious programs and procedures to ensure offenders the opportunities to practice their faith;

        2. Advising the wardens/superintendents or the chaplain's/warden's/superintendent's designees in the development of specific plans applicable to the facility consistent with the Department's policy; and,

        3. Serving as a liaison with community resources to ensure the Department's policy regarding religious programs is current and consistent with the practices of religions. (ACI 4-4516)

II. **Responsibilities of Chaplain's/Warden's/Superintendent's Designee**

    A. Each warden/superintendent shall ensure that a chaplain's/warden's/superintendent's designee is available to provide religious programming for the offender population.

        1. The chaplain's/warden's/superintendent's designee shall be responsible for:

            a. Coordinating religious programs in accordance with provisions of this policy and, to the extent possible, ensuring that adequate space and equipment is provided for conducting and administering religious programs and services consistent with security and custody considerations, operational needs, rehabilitation goals, and the mission of the Department; (ACI 4-4520)

            b. Advising the warden/superintendent on all issues involving religious programs and related matters; and,

            c. To the extent possible, incorporating available and utilizing existing community resources in the provision of religious programming. (ACI 4-4516)

III. **Religious Programs Guidelines**

    A. Offenders shall be permitted the opportunity to learn about other religious affiliations but shall not be allowed to fully engage in the practices of other religions except when a change of affiliations is requested.

        1. Participation in or attendance at any religious services by any offender shall be on a voluntary basis.

    B. Religious observances, services, activities, and group meetings; restrictions on attendance.

1. Except as provided in IMPP 10-108D when food is requested, and the request must be made at least 60 days prior to the event, an offender requesting a religious observance shall make the request in writing to the chaplain's/warden's/superintendent's designee, and shall ensure that the chaplain's/warden's/superintendent's designee is in receipt of the request at least 15 working days prior to the date for the observance.

    a. When appropriate, offenders may receive an entire day off from work or programs for purposes of a religious observance (Please see procedure VI.C.2.c.).

2. Offenders shall seek the recommendation of the chaplain's/warden's/superintendent's designee and authorization and approval from the warden/superintendent or designee before two (2) or more offenders can form and meet as a group and hold religious services together.

    a. **ADULT:** In accordance with K.A.R. 44-12-325.

    b. **JUVENILE:** In accordance with K.A.R. 123-12-325.

3. Offenders shall not be permitted to form or meet in a group to hold religious services if such a group would likely threaten facility security by causing affiliations to be established among the group of offenders that would incite challenges to prison authority or conflicts with other offenders.

4. Religious observances and/or services shall not be held or scheduled at the times or with the frequency chosen by the offenders or mandated by the religion if those times conflict with the facility security, operational and management needs or would otherwise disrupt the order of the facility.

5. When religious observances and/or services are held or scheduled at the times chosen by the offenders or mandated by the religion, all offenders who are members of the religion shall be permitted to attend such observances or services, except when:

    a. Allowing the offender to attend is incompatible with his or her custody and security classification status;

    b. The offender is assigned at that time to a work detail that is essential to the operation of the facility; and/or,

    c. The offender is assigned at that time to a work detail or program the purpose of which is to promote rehabilitation by providing education, simulating societal working conditions, or fulfilling the requirements of program agreement.

6. Offenders of all incentive levels may attend religious activities other than those where the primary intent is social in nature. Those events which are determined to be primarily social in nature may be attended only by offenders at Incentive Level III, unless the event is recognized as a tenet of the religion, in which case Level I and Level II offenders may also attend.

7. Religious group meetings or religious services may be conducted in or restricted to a part of the facility other than the chapel or any other requested location if security and order or other operational interest, would be better served elsewhere in the facility. Facility staff may supervise or monitor the meetings or services to maintain security and order.

8. Special facilities that are essential to the worship or ceremonies of a particular religion shall be provided, subject to the limitations established in Section VI.C.2. of this IMPP. (ACI 4-4520)

9. **ADULT:** Wichita Work Release offenders, as interest is expressed, may generally be permitted to attend religious services in the community.

   a. Work release participants who wish to participate in religious services or activities may be permitted to attend services of religious denominations available within the community in which the facility is located.

     (1) The warden shall permit work release participants to leave the facility for religious practices as an extension of confinement unless chaplaincy services are available on the premises.

  10. All proposed restrictions to accommodation shall be subject to the criteria set forth at Section VI.A.1.(a)-(d), below.

C. Visitation or conducting of religious services by clergy or other representatives of the religion.

  1. Visitation shall be permitted by clergy to conduct religious services or lead religious group meetings that are otherwise permitted in a manner consistent with and as authorized by the facility's general orders.

   a. **ADULT:** In accordance with K.A.R. 44-7-113.

  2. A reasonable attempt shall be made to make clergy or other representatives of all religious groups, including religious volunteers, available and accessible to offenders.

   a. Clergy or other representatives of a religion may be required to demonstrate some type of credentials according to the standards established for that purpose by the religion in question.

  3. Clergy shall be subject to the same visitation policies and security restrictions as are all other visitors to the facility. This shall not be construed to mean that clergy are required to be on visiting lists.

   a. **ADULT:** In accordance with K.A.R. 44-7-104, IMPPs 10-113D and 12-115D.

   b. **JUVENILE:** In accordance with K.A.R. 123-5-505.

D. Availability, possession, and use of religious items/property.

  1. The chaplain's/warden's/superintendent's designee shall be responsible to approve religious articles permitted per IMPP 10-110D through a special purchase order from an approved vendor that is purchased or donated through an approved source.

   a. **ADULT:** The specifications, quantity and value of such articles of property shall be governed by IMPP 12-120.

  2. Offenders shall generally be allowed to possess a bible or other primary text of their religion that shall be provided to them, upon their request subject to availability

   a. **ADULT:** As required by K.S.A. 75-5223 and K.A.R. 44-7-113.

  3. No religious items shall be provided to offenders at State expense.

   a. Items intended for religious group use that are donated, if approved by the warden/superintendent or designee and may be checked out to offenders, but these items remain the property of the facility.

   b Donors must provide delivery of the donated items to the facility or other location designated by the warden/superintendent. State vehicles shall not be employed to transport or deliver donated items from the donor to the facility.

4. The use or possession of religious items may be limited to use or possession by clergy during visits, religious services or ceremonies.

   a. **ADULT:** Other than those authorized per IMPP 12-120.

5. Fermented wine for use in communion services may be authorized by the warden/superintendent or designee.

6. Tobacco and/or tobacco mixtures for religious use.

   a. An exception to the tobacco-free environment as set forth in IMPP 09-107D shall be in effect for religious activities as outlined below:

      (1) Tobaccos and/or tobacco mixtures shall be allowed in specified amounts in accordance with facility policy.

      (2) All tobacco shall be stored in a locked file and/or cabinet by Chaplaincy staff.

         (a) Medicine bags containing tobacco shall be confiscated, at which time offenders shall make the decision to mail out the medicine bag at his/her expense or have the medicine bag destroyed.

      (3) Appointing Authorities shall designate appropriate security protocols for receipt and distribution of said tobacco and the use/storage of any lighters and/or matches.

      (4) Use of tobacco during religious activities shall be limited to offenders who are participating in their designated primary religion.

      (5) Religious use of tobacco or tobacco substitutes shall not be allowed in any building.

7. The use or possession of religious items may be limited to religious services, supervised activities, ceremonies, or prayers that the offender is allowed to conduct privately in his or her assigned living area, room or cell, with the items being unavailable to the offenders at all other times.

   a. **ADULT:** Other than those authorized per IMPP 12-120.

8. Commensurate with legitimate concerns for order, rehabilitation goals, the mission of the Department, and/or maintenance of security; offenders shall not be allowed to possess any religious items other than a religious medallion or scapula, and such other items as are referenced under allowable personal property referenced in Attachments A or B.

   a. **ADULT:** Specifically allowed by IMPP 12-120.

9. Other items are prohibited consistent with the principle of tempering the accommodation of religious requirements with the effective acknowledgement of legitimate security concerns.

10. Legitimate concerns for order or security include but are not limited to:

    a. Proper utilization of available space;

    b. Safety from fire and other physical hazards;

    c. Dangerousness of the item, including its potential for use as a weapon; or,

    d. The item's value or attractiveness encourages conflicts or theft.

  11. When items are confiscated, the chaplain is consulted as to their religious significance.

E. Religious attire, including clothing, jewelry, and other ornaments, and head garments.

  1. All religious medallions and scapulars shall be worn around the neck, inside the shirt.

  2. Medicine bags shall be worn around the neck inside the shirt, or carried in a pocket.

  3. Yarmulkes, koofi and tams may be worn at all times.

  4. Offenders shall not be permitted to wear religious attire, including clothing, jewelry or other ornaments, or head garments unless the prohibition against the particular attire is not based on legitimate concerns for order, security, and hygiene. The prohibition must be defensible in terms of criteria set forth at Section VI.A.1.(a)-(d), below, in balancing the desired accommodation of religious practice against legitimate security interests.

    a. **ADULT**: That is not otherwise allowed by IMPP 12-127 or general orders of the facility.

  5. Legitimate concerns for order, security, and hygiene include but are not limited to:

    a. The interference of the attire with the ability to properly identify the offender at all times;

    b. The interference with the ability to identify the offender's job or living unit assignment to the extent that the job or living areas are reflected by the clothing or head garment the offender is required to wear;

    c. The possibility that the attire can be used to hide weapons and other contraband; or,

    d. Whether permission to wear the attire could cause conflict as a special privilege allowed only for a certain group of offenders.

  6. The wearing of religious attire may be limited to private prayer in the offender's assigned living area, room or cell, religious services, or ceremonies.

    a. **ADULT**: Other than that authorized per IMPP 12-120.

F. Hair, including facial hair; appearance or grooming requirements.

  1. Offenders may be subject to grooming requirements that require certain haircuts and removal of facial hair upon admission or that prohibit the growing of long hair or facial hair, unless the restrictions or prohibitions are not founded on legitimate concerns for order, security, or hygiene. The prohibition must be defensible in terms of criteria set forth at Section VI.A.1.(a)-(d), below, in balancing the desired accommodation of religious practice against legitimate security interests.

    a. **ADULT**: Established pursuant to IMPPs 12-129D and 12-131 and by the general orders of the facility.

  2. Legitimate concerns for order, security, or hygiene include but are not limited to:

    a. The interference of long hair or facial hair with the ability to properly identify offenders at all times;

    b. The interference of long hair or facial hair with offenders' personal hygiene;

   c. The interference of long hair or facial hair with safety, because it could present a hazard in the operation of machinery, the use of chemicals, or in other work or program assignments;

   d. The possibility that weapons or other contraband could be hidden in long hair or facial hair; or,

   e. The identification of a particular style of hair or facial hair with any unauthorized prison group.

 G. Religious diets.

  1. Offenders may be provided with a diet required by their religion and that provides adequate nutrition.

  2. An offender who requests an accommodation in the form of a religious diet shall not be entitled to dictate the form in which the diet is provided if the diet requirements of the religion or religious beliefs, including the diet requirements for religious holidays, and the nutritional needs of the offender are met by the diet.

  3. The Department or facility may choose whether to establish cooking and dining areas and equipment that enable the proper preparation and consumption of the religious diet at the facility or to utilize food prepared outside of the facility to accommodate the request for the religious diet.

  4. An offender whose request for a religious diet has been accommodated may be denied continued access to the diet if he or she consistently consumes meals from the facility meal line that are inconsistent with the approved religious diet, per IMPP 10-119D.

   a. Offenders approved for a modified diet for religious reasons shall be served at each meal with the modified diet meal prepared by food service.

   b. Such offenders shall not have the option of eating from the regular menu during the period the individual is placed on the modified diet list, unless and until that offender inmate submits a request to the chaplain or designee regarding a desire to terminate the modified diet.

   c. Offenders who are removed or who elect to withdraw from the modified diet may request readmission to the modified diet program in concert with the applicable provisions of IMPP 10-119D.

**IV.**   **Establishment and Change of Religious Affiliation**

 A. Each offender shall complete a Religious Information Form (Attachment C,) upon admission to Departmental custody.

  1. If the Religious Information Form is not in the offender's Unit Team file upon inter-facility transfer, the offender shall be given an opportunity to complete the form at the receiving facility.

 B. Offenders may request a change of religious affiliation by submitting a Change of Religion Request form (Attachment D) to the chaplain's/warden's/superintendent's designee.

 C. A copy of the request to change religions shall be placed in the offender's master file and unit team file.

 D. Subsequent requests to change religious affiliation, or, to return to the original religious affiliation shall be documented and achieved through the above procedure.

1. The frequent change of religions, purely to have privileges under the claim of First Amendment Rights, shall be deemed a manipulation of the religious program and special privileges shall not be afforded to offender's seeking frequent changes.

V. **Requesting the Accommodation of Religious Practices**

A. An offender may request that the Department accommodate a particular practice of his/ her religion that involves an exception to or requires specific authorization under existing rules and regulations, policies and procedures, general orders, or other written mandates of the Department or the facility.

B. An offender who desires to request an accommodation of a religious practice shall comply with the following procedures:

1. The offender shall complete the Request for Accommodation of Religious Practices Form (Attachment E) by providing the following information:

    a. Information about the religion or religious belief itself;

    b. Information regarding or verifying the offender's claim of sincere adherence to the religion or religious belief;

    c. Information regarding the particular sect, if any, of the religion to which the offender claims sincere adherence;

    d. Information about the practice for which accommodation is sought: and,

    e. The offender's good faith suggestions for accommodation of the request which do not conflict or infringe upon the legitimate security, good order, and discipline interests of the facility.

2. The completed request form shall be submitted to the chaplain's/warden's/ superintendent's designee, who will conduct any necessary inquiry or investigation into the matter and within 14 working days of receipt of the form from the offender, furnish pertinent information in writing to the Religious Programs Coordinator.

    a. Even if the particular request for accommodation has been previously approved within KDOC, the request for accommodation shall be forwarded to the Religious Programs Coordinator for review, who shall, at a minimum, confirm that the particular request has been previously accommodated at another facility within KDOC, and in what manner and under what circumstances.

    b. The Religious Programs Coordinator shall research the request as deemed necessary by the Coordinator and inform the chaplain's/warden's/superintendent's designee once the information is received. Once a recommendation has been made, the Religious Programs Coordinator will inform the chaplain's/warden's/ superintendent's designee regarding any additional processing which may be required.

    c. The Religious Programs Coordinator may inquire of the offender seeking the accommodation, contact clergy or other representatives or practitioners of the religion, consult with Departmental contract religious advisors when appropriate, consult any texts of or other reliable writings about the religion, or conduct any other investigation necessary to determine the factual background of the request, and to make a recommendation as to whether and how the request should be accommodated.

3. Within three (3) working days of completion, the recommendation and the completed form shall be forwarded by the Religious Programs Coordinator to the warden/superintendent or designee with the reasons for the recommendation attached.

4. The warden/superintendent shall make the final determination to grant or deny the request, using the criteria set forth in Sec. VI. below, and shall notify the offender, the chaplain's/warden's/superintendent's designee, and the Religious Programs Coordinator of the decision and the reason(s) for it within 14 working days of receipt of the completed request form and written recommendations.

5. The offender may utilize the grievance procedure to appeal the warden's/superintendent's decision if the offender finds it unacceptable.

VI. **Determination to Accommodate Inmate Requests (ACI 4-4517)**

A. Requests for accommodation of certain religious practices and observances shall be considered from offenders who provide sufficient evidence of their belief and affiliation with the religion.

1. All requests for accommodation of religious practices shall be treated equally regardless of the religion involved.

a. Equal, consistent treatment of all religions or religious beliefs, shall not always require the same accommodations of the same religious practices in all facilities or for all offenders.

B. The determination to be made when an offender requests an accommodation of a religious practice shall be whether any existing restriction on the practice or any justification offered for denial of the practice is in furtherance of a compelling correctional interest, and is the least restrictive means of furthering that compelling correctional interest.

C. A claimed religion or religious belief is entitled consideration for accommodation if it:

1. Has an established historical or organizational foundation; or,

2. Occupies a place in the lives of its claimed adherents that is parallel to that of more conventional religions, rather than a personal philosophy.

3. The determination shall be made, in accordance with the procedure outlined above, when an offender seeks recognition of a set of beliefs or religion by the Department or facility. Some factors that may be taken into consideration in making the determination include the following:

a. The history or origin of the religion or religious beliefs, including when, where, and by whom it was founded or established;

b. Whether the religion is organized, or has established or formed churches, temples, synagogues, or other facilities or groups for the purpose of practicing the religion;

c. Where unconventional or uncommon, whether it can be confirmed that the offender's set of beliefs or religion plays the same role in the offender's spiritual life as more conventional religions or religious beliefs play in the lives of their practitioners; and,

d. The relationship between the accommodation and the religious belief or beliefs.

D. All requests for accommodation of religious practices shall be treated equally regardless of the religion involved.

1. The determination to be made shall not be whether the chaplain's/warden's/ superintendent's designee or the warden/superintendent approves of the religious beliefs or religion to which the offender claims to adhere, but:

    a. Whether the claimed religion or beliefs are entitled to recognition pursuant to subsection C., above; and,

    b. Whether the manner in which the offender seeks to practice the religion or exercise the beliefs will disrupt departmental and facility practices, policies, or operations that are founded on concerns for security, safety, rehabilitation, or sound correctional management.

2. Equal, consistent treatment of all religions or religious beliefs shall not always require the same accommodations of the same religious practices in all facilities or for all offenders. (ACI 4-4517)

    a. The nature of a particular facility, including the physical limitations, the custody level(s) and security classification status of the offender housed there, and the correctional goals sought to be met there may be taken into consideration in determining whether to allow a particular religious practice at the facility.

    b. Some factors that may justify the restriction of certain religious practices for which accommodation is sought at particular facilities include, but are not limited to the following:

        (1) A facility may simply not have the physical capacity to accommodate the type of religious practice for which permission is sought.

        (2) While some offenders may be entitled, by virtue of their behavior records, the passage of their term(s) of incarceration, or other legitimate classification criteria, to be classified at a custody level that allows them to live at a facility where security and operational needs do not preclude the accommodation of particular religious practices, those practices might appropriately be prohibited or restricted at a different facility.

    c. The correctional goals of a particular facility may be more significantly impeded by a particular accommodation than would those of a different facility.

        (1) A facility where the goal is to provide and require meaningful work assignments for the offender population might appropriately refuse to excuse offenders from a work detail temporarily to attend religious services or for the full work day on the observance of a religious holiday; while,

        (2) Such a restriction may be inappropriate at a facility where the facility operations are not significantly impacted, and the offenders are not similarly otherwise occupied.

E. Requests for accommodation of certain religious practices shall be considered only from offenders who are actual members or adherents to their religious beliefs or in their affiliation with the religion.

    1. Some factors that may be considered, but are not pivotal, in making the determination about the inmate's affiliation include:

        a. Whether the offender indicated membership in or affiliation with the religion upon admission or has a verifiable history of such affiliation;

        b. Whether the offender qualifies for membership in the religion according to the religion's own criteria for membership;

  c. Whether the offender is familiar with the primary written text(s), if any, of the religion; and,

  d. Whether the offender has changed religious affiliations and how often.

**NOTE:** The policy and procedures set forth herein are intended to establish directives and guidelines for staff and offenders and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees or offenders, or an independent duty owed by the Department of Corrections to employees, offenders, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards. Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

## REPORTS REQUIRED

None.

## REFERENCES

K.S.A. 75-5223
K.A.R. 44-7-104, 44-7-113, 44-12-325; 123-12-325, 123-5-505
IMPP 09-107D, 10-108D, 10-113D, 10-119D, 11-101, 11-101J, 12-103D, 12-115D, 12-120, 12-127, 12-129D, 12-131
ACI 4-4516, 4-4517, 4-4520

## ATTACHMENTS

| Attachment | Title of Attachment | Page Total |
|---|---|---|
| A | Reference Table of Religious Tenets | 4 pages |
| B | Instructional Material Concerning Native American Religious Artifacts | 1 page |
| C | Religious Information form | 1 page |
| D | Change of Religion Request form | 1 page |
| E | Request for Accommodations of Religious Practices form | 2 pages |

## REFERENCE TABLE OF RELIGIOUS TENETS

| Religious Group (all levels) | Primary Text (all levels) | Dietary Requirement (all levels) | Artifacts Personal Possessions (all levels) | Medallions (Worn inside the shirt) (all levels) | Holidays (all levels) | Purification Ritual (all levels) | Artifacts Group Worship (all levels) |
|---|---|---|---|---|---|---|---|
| **Asatru/ Odinist** Worship weekly | The Poetic Edda | n/a | Runes/Bag/Cloth | Thor's Hammer | Esbats, Sabbats, Yule (Dec. 21) | n/a | Gandr, Runes, Drinking horn, Altar, Cauldron, Evergreen twig, Oath ring, Candles/holder, Thor's Hammer |
| **Assembly of Yahweh** Worship on Sabbath | Sacred Name Text | Kosher | n/a | n/a | Passover, Days of Unleavened Bread, Pentecost, Feast of Weeks, Feast of Trumpets, Day of Atonement, Feast of Tabernacles | n/a | Readings |
| *Buddhism* Worship weekly | Tripitaka or Sutra or Tam Rim Teachings of Buddha | Vegetarian | Meditation beads, pictures of Buddha, meditation mat and/or cushion | Wheel of Dharma, Statue of Buddha | Vesak, Dharma Day, Buddha's Birthday | n/a | Statue of Buddha, Incense, Incense bowl |
| *Catholic* 1/week | Old/ New Testament (also Apocrypha for Catholic) | n/a | Rosary Scapula | Saints medal Crucifix Chain | Easter Christmas (major Christian holiday) | n/a | Communion elements Bible Large cross/crucifix Candles/holder |
| **Christian Science** Weekly worship | *Science and Health, Key to the Scripture by Mary Baker Eddy and Old/New Testament* | n/a | n/a | n/a | Christmas Easter | n/a | Readings |
| **Hinduism** Weekly worship | Veta-Sruti literature | *Vegetarian* | Picture of a Hindu God, pure water | n/a | n/a | n/a | Incense, incense burner, picture of a Hindu God. |
| **House of Yahweh** Weekly worship | Book of Yahweh | Kosher | Kippah (black), Prayer shawl, | n/a | Passover, Feast of Weeks, Feast of Trumpets, Day of Atonement, Feast of Tabernacles | n/a | n/a |

| Religious Group (all levels) | Primary Text (all levels) | Dietary Requirement (all levels) | Artifacts Personal Possessions (all levels) | Medallions (Worn inside the shirt) (all levels) | Holidays (all levels) | Purification Ritual (all levels) | Artifacts Group Worship (all levels) |
|---|---|---|---|---|---|---|---|
| **Islam** Jumah prayer (Fri. p.m.) | Qur'an | Non-pork Ramadan fasting | Prayer Rug Male Koofi cap (black), Female Head Scarf, Prayer beads | Crescent & Star, Islamic scriptures engraved on medallion | Eid-ul-Fitr (immediately following Ramadan) Eid-ul-Adha about 2 months following Ramadan | Must bathe within 24 hours of worship (Jumah prayer) | Qur'an Prayer Rug Male: Koofi Cap (black) Female: Head Scarf (black) |
| **Jehovah Witness** Weekly worship | The New World Translation of the Holy Scriptures | n/a | n/a | n/a | The Lord's Evening Meal (Memorial) | n/a | n/a |
| **Judaism** Worship on Sabbath (Day of rest) | Torah Tanakh Prayer books Code of Jewish Law | Kosher | Yarmulke (black) Tzi Tzit Prayer Shawl | Star of David (6-point) | Purim Passover Yom Kippur Sukkot Hanukkah Rosh Hashanah Shavuot | n/a | Rams Horn (Rosh Hashanah) Candle/holder Menorah, Tefflilin, Yarmulke |
| **Krishna** Worship weekly Certain rituals can Only be performed by authorized Practitioners | Vedic literature | Vegetarian | Prayer beads, bead necklace | n/a | n/a | Forehead markings | n/a |
| **Latter Day Saints** (Mormons) worship weekly –Sunday | Old/New Testament Book of Mormon, Doctrine Covenants and the Pearl of Great Price | Abstain from nicotine/ caffeine products | n/a | n/a | Major Christian Holidays | n/a | n/a |
| **Moorish Science Temple of America** (MSTA) worship weekly- Friday | Holy Koran by Noble Drew Ali | Non-pork Fasting is individual choice | Fez (black) (males), Turban (females) and button | n/a | January 8th – Prophet Noble Drew Ali's birthday January 15th – Moorish New Year March (1st Sunday) – Moorish Seniors Day July 20th – Authority Day Some may participate in Ramadan - Fridays | n/a | Flags, Circle 7 Emblem, Picture of Prophet, Picture 1st Convention, Warrant of Authority Moorish Button |

| Religious Group (all levels) | Primary Text (all levels) | Dietary Requirement (all levels) | Artifacts Personal Possessions (all levels) | Medallions (Worn inside the shirt) (all levels) | Holidays (all levels) | Purification Ritual (all levels) | Artifacts Group Worship (all levels) |
|---|---|---|---|---|---|---|---|
| **Native American** Worship Drum Ceremony Sweat Lodge Pow Wow | Use music and storytelling (verbal tradition) | n/a | 5 neutral colored feathers, Sage, Sweetgrass, Cedar, smudging bowl, white bandana | Medicine bag | Seasonal Dances [Pow Wows] | Smudging Sweat lodge | Blankets for sweats, buffalo skull, ceremonial pipe, Dance Bells, Drum, Sweat Lodge, Tobacco, White Bandana, Medicine Wheel, Flute, sage, sweetgrass, cedar |
| \*The pipe keeper may keep pipe in his/her possession. | | | | | | | |
| **Protestants** Worship weekly | Old/new testament | n/a | n/a | Cross/chain | Easter, Christmas (major Christian holidays) | n/a | Communion, Communion elements, Bible. Candles/holder |
| **Rastafarian** Meet weekly for worship | Selected portions of Old/New Testament | Vegetarian | Tam (black) | Ankh medallion | July 23 [Hallie Selassie's Birthday] | n/a | Reggae music, Bongo drums, African flag, Wooden Candle stick |
| **7 Day Adventist** Saturday | Old/New Testament | Vegetarian/ Non Pork | | Cross/chain | Easter, Christmas (major Christian holidays) | n/a | Communion elements, Bible |
| **Sikh** Meet weekly for worship | Peace Lagoon | Vegetarian | Turban, Large comb, Bracelet on right wrist | Khanda | n/a | n/a | |

| Religious Group (all levels) | Primary Text (all levels) | Dietary Requirement (all levels) | Artifacts Personal Possessions (all levels) | Medallions (Worn inside the shirt) (all levels) | Holidays (all levels) | Purification Ritual (all levels) | Artifacts Group Worship (all levels) |
|---|---|---|---|---|---|---|---|
| *Thelema* Worship weekly | Holy Books of Thelema by Aleister Crowley or the Book of the Law | n/a | Prayer Rug, Oil (4 oz.) of Abramelin, Stele of Revealing, Electric Candle, Plastic Cup, Fire Wand, Altar Cloth, Altar Statue, Pentacle, Facsimile Stones, Tarot Cards, Virgin Paper, Dragons Blood Ink, Masking Tape, Calendar, Personal Book of Shadows | 6 Pointed Talisman | The Rituals of the Elements and Feast of the Times, The Feast for the First Night of the Prophet and his Bride, The Feast for the Three Days of the Writing of the Book of the Law, The Feast for the Supreme Ritual, The Feast for the Equinox of the Gods | n/a | |
| **Unity** Worship weekly | Old/New Testament | n/a | n/a | Christian cross | n/a | n/a | |
| **Wiccan** Worship weekly | *Golden Dawn* or Bucklands *Complete Book of Witchcraft* or Farrars *Witches Bible* | n/a | Book of Shadows (A spiritual journal), White Table Salt, 5 neutral colored feathers Electric/Facsimile of Candle, Tarot Cards, Prayer rug, Runes/bag, Altar Cloth | Pentagram with two points down | Sabbats (observed at the change of seasons) Esbats | Salt in cell | Candles/holder, Incense/burner, Salt, Feathers, Cardboard sword, Tarot Cards, Runes, Altar, Altar Cloth, Chalice |

Attachment B, IMPP 10-110D
Effective 01-30-18

# KANSAS DEPARTMENT OF CORRECTIONS
# INSTRUCTIONAL MATERIAL CONCERNING NATIVE AMERICAN RELIGIOUS ARTIFACTS

1. Offenders may possess five (5) real, facsimile or synthetic feathers which may be beaded or decorated with materials which conform to security considerations.

2. If, at the discretion of the warden/superintendent, offenders are permitted to make their own medicine bags, all materials shall be approved by the chaplain to ensure conformity with security considerations and specifications for medicine bags, per Section VI.

3. Offenders may possess a cloth or leather medicine bag, not to exceed four (4) inches in diameter when laid out flat, which may be beaded or decorated with materials that conform to security considerations. The medicine bag shall be worn around the neck inside the shirt or carried in the pocket.

4. The chaplain's/warden's/superintendent's designee shall be responsible to maintain items used by Native American Religion practitioners in cleansing, blessing and purification, and making such items available upon valid request. Such items include, but are not limited to sage, sweet grass, cedar, and tobacco.

5. The chaplain's/warden's/superintendent's designee shall be responsible to provide training to staff on the proper method for the inspection of a medicine bag to ensure that it is treated with dignity and respect.

    a. Medicine bags and other religious artifacts shall be subject to inspection per provisions of KDOC IMPP 12-103D. A staff member may direct an offender to open his/her medicine bag for a visual inspection, or may require an inmate to allow the inspection of any other religious artifact.

    b. Ordinarily the offender should handle the bag or other religious artifact at all times and neither the bag nor its contents, nor any other religious artifact, should be touched by the staff member.

    c. If there are questions or problems regarding the inspection of a medicine bag or other religious artifact, the staff member shall confiscate the bag or other religious artifact and, with an evidence card attached, place the bag or other religious artifact in a secured location as evidence.

    d. To ensure that religious artifacts are treated with respect by the examining staff, the chaplain's/warden's/superintendent's designee shall be present when a medicine bag and contents (or any other religious artifact), placed in evidence, is examined.

    e. If a medicine bag or other religious artifact is clearly determined to contain contraband, the bag or other religious artifact loses its religious significance.

Attachment C, IMPP 10-110D<br>Effective 01-30-18

# KANSAS DEPARTMENT OF CORRECTIONS
# RELIGIOUS AFFILIATION INFORMATION

DATE_____

OFFENDER NAME_____NUMBER_____

PRESENT RELIGIOUS AFFILIATION:

| | | | |
|---|---|---|---|
| ___Asatru/Odinist | ___Assembly of Yahweh | ___Buddhist | ___Catholic |
| ___Christian Science | ___Hinduism | ___House of Yahweh | ___Islam |
| ___Jehovah Witness | ___Judaism | ___Krishna | ___Mormon |
| ___MSTA | ___Native American | ___Christian/Protestant | ___Rastafarian |
| ___7-Day Adventist | ___Sikh | ___Thelema | ___Unity |
| ___Wiccan | ___Other (_____) | | |

NAME OF YOUR OUTSIDE RELIGIOUS GROUP:
_____

NAME OF RELIGIOUS LEADER (Priest, Pastor, Imam, Sheik, Medicine Man, etc.):
_____

ADDRESS OF RELIGIOUS LEADER:_____
                             Number     Street
                             _____
                             City    State    Zip Code

If I decide to change my religious affiliation, I will make my request to the Pastoral Care Department.

Signed:_____    _____
       Offender Name      Number            Chaplain's/Warden's/Superintendent's Designee    Date

cc:   Unit Team/Unit File
      Central File

Attachment D, IMPP 10-110D
Effective 01-30-18

# KANSAS DEPARTMENT OF CORRECTIONS
## CHANGE OF RELIGION REQUEST

OFFENDER NAME_____NUMBER_____CELL_____

MOST CURRENT RELIGOUS PREFERENCE: _____

CHANGE TO RELIGIOUS PREFERENCE (Check One):

| ___Asatru/Odinist | ___Assembly of Yahweh | ___Buddhist | ___Catholic |
| ___Christian Science | ___Hinduism | ___House of Yahweh | ___Islam |
| ___Jehovah Witness | ___Judaism | ___Krishna | ___Mormon |
| ___MSTA | ___Native American | ___Christian/Protestant | ___Rastafarian |
| ___7-Day Adventist | ___Sikh | ___Thelema | ___Unity |
| ___Wiccan | ___Other (_____) | | |

Do you wish to have your name placed on all the applicable religious activities in your faith group?

_____YES                    _____NO

Complete the information below if there is a religious official, (Priest, Pastor, Imam, Sheik, Medicine Man, etc.), that you wish to have visit:

Name: _____

Street Address: _____

City:_____  State:_____  Zip Code: _____

Offender's Signature: _____
Date: _____

Chaplain's/Warden's/Superintendent's Designee Signature: _____
Date: _____

Entered into OMIS/JCFS Date _____ Initials: _____

cc:    Unit Team/Unit
       Central File

# KANSAS DEPARTMENT OF CORRECTIONS
# REQUEST FOR ACCOMMODATION OF RELIGIOUS PRACTICES

Offender Last Name _____   First Name _____

Number _____ Facility_____ Date_____

1. Faith group for which you are requesting accommodation? _____

2. If this religion is not already listed, what is the accommodation you are requesting? _____

3. Are you officially recognized as a member of this group?   YES ___    NO ___

4. If this religion is already listed, what is the accommodation you are now requesting?_____

5. How long have you been a member of this group? _____

6. Please list your outside spiritual advisor:

Group Name _____

Address _____

City _____ State _____ Zip Code _____

Telephone Number _____ Contact Person_____

7. What documentation, if any, is required to participate in this group?_____

8. What is there that sets this group apart from others? _____

9. Please list the National or International Offices: _____

Name of Faith group _____

Other Names it goes by _____

Street Address _____

City _____ State _____ Zip Code _____

Telephone Number _____

10. When, Where, and Who founded this group? _____

11. How is it organized? (e.g., districts, local churches, etc.) _____

12. Where is the nearest group to the facility? _____

13. Is it your understanding that there are certain requirements before one can officially "convert" to this faith group?  If yes, please explain. _____

14. What is the name of the primary religious text of this faith group? _____
_____

15. Who wrote the text? _____

16. What are some related source books about the religious practices and where can these books be obtained? _____

17. What do you consider the major beliefs or doctrines of the religion to be? _____
_____
_____

18. What are the basic teachings of this religion? _____
_____
_____

19. What are the historical roots of this religion? _____
_____
_____

20. Is there a purification ritual? If so, please describe. _____
_____

21. Are there fundamental tenets of the religion that must be practiced while one is incarcerated? _____
_____
_____

22. What are your religious holidays? _____
_____

23. Are there property or artifacts which are required in order to practice this religion? If so, what? _____
_____
_____

24. Does your religion have a religious medallion? If so, please describe. _____
_____

25. Are there dietary standards that are required? If so, what? _____
_____
_____

26. Are there any special medical issues that this religion follows or prohibits? If so, what? _____
_____

27. Are there any requirements for worship? If so, what? _____
_____

28. When or how does worship occur? _____
_____

29. Is it necessary for a congregational meeting if there are more than two people in the religion? _____
_____

30. What other faith groups have you belonged to and when? _____
_____