IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERON McCOY, JR.,**

                                        **Plaintiff,**

       v.                                        **CASE NO. 21-3269-SAC**

**ARAMARK CORRECTIONAL
SERVICES, et al.,**

                                        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* in this civil rights case. Plaintiff is incarcerated at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas.

On February 28, 2022, the Court completed a preliminary screening of Plaintiff's Complaint and ordered the officials responsible for the operation of EDCF to prepare a *Martinez* Report (the "Report"). The order provided that once the Report has been received, the Court could properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

The Report (Doc. 7) was initially filed on June 15, 2022, by Interested Party Kansas Department of Corrections ("KDOC"). KDOC then requested additional time to file an Amended Report. In response to the initial Report, Plaintiff filed an Amended Complaint (Doc. 12), as well as two affidavits (Docs. 13 and 14). The Amended Report (Doc. 17) was filed on July 29, 2022. Plaintiff then filed another affidavit (Doc. 19) and a proposed Second Amended Complaint (Doc. 21). He has also filed a Motion for Issuance of Waivers of Service of Summons (Doc. 22).

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the

1

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1) and (2).  Because Plaintiff has already filed an Amended Complaint, he must have leave of court to file a second amended complaint.  Rule 15 provides that the Court should freely give leave to amend when justice so requires.

Plaintiff's proposed Second Amended Complaint makes primarily minor changes, such as substituting Randy Singletary for the John Doe defendant originally named, adding Jeff Zmuda as a defendant, and adding Exhibit D, excerpts from the Code of Jewish Law.   The Second Amended Complaint also adds a claim based on a statement made by Rabbi Friedman in the Amended Report that inmates in segregation should be allowed to purchase or be provided Challah bread and grape juice for the Sabbath.  Given that Plaintiff's Second Amended Complaint is responsive to the Amended Report and given that the defendants have not been served, the Court grants Plaintiff leave to file his Second Amended Complaint.

Plaintiff disputes the allegations in the Amended *Martinez* Report, maintaining his version of the events and his allegations set forth in his Second Amended Complaint and attached affidavits.  The *Martinez* Report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n.3 (10th Cir. 1983)).   Therefore, Plaintiff's Second Amended Complaint survives screening, and the Court will order the Defendants to answer or otherwise respond to the claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 21) is **granted**.  The Clerk is directed to file Plaintiff's Second Amended Complaint.

3

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Waivers of Service of Summons (Doc. 22) is **granted**.  The Clerk of the Court shall prepare waivers of service and transmit them to the defendants.  The defendants shall have thirty (30) days from entry of this order to file a waiver of service executed or a waiver of service unexecuted.  Upon the filing of the waiver of service executed, Defendants shall have sixty (60) days to answer or otherwise respond to the Complaint.

**IT IS SO ORDERED.**

Dated November 16, 2022, in Kansas City, Kansas.

                                                    **S/ John W. Lungstrum**
                                                    **JOHN W. LUNGSTRUM**
                                                    **UNITED STATES DISTRICT JUDGE**