IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DERON MCCOY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:21-cv-03269-TC-ADM ) ) |
| ARAMARK CORRECTIONAL SERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**REPLY IN SUPPORT OF DEFENDANT ARAMARK
CORRECTIONAL SERVICES, LLC'S MOTION TO DISMISS**

For its Reply in support of its Motion to Dismiss Plaintiff's Second Amended Complaint ("Complaint"), Defendant Aramark Correctional Services, LLC ("Aramark"), states as follows:

Plaintiff's response brief reads much like the 260 pages of briefing he already submitted in *McCoy* I[1] on the *same issue* and which this Court has already rejected. He does not allege anything has changed in the CRD menu from 2020 and before. His claims here, just like *McCoy* I, challenge the CRD back to 2012. In short, the issues are identical: He claims the CRD meals have been insufficiently Kosher according to him – whether it be in the implementation, the preparation, the storage, or the particular food items served. As exhaustively detailed in Aramark's opening brief, this is the *precise same issue* that was already decided previously, justifying the Complaint's dismissal in its entirety under the collateral estoppel doctrine. Plaintiff's brief should also be stricken, or at the very least disregarded after page 15, for its flagrant violation of the page limitation that the Court has instituted to preclude such needlessly voluminous briefs.

Finally, Plaintiff's Complaint should *also* be dismissed on multiple grounds for failure to state a claim – an argument barely touched upon in Plaintiff's brief.

---

[1] "*McCoy* I" again refers to the previous lawsuit in *Deron McCoy, Jr. v. Aramark, et al.*, No. 5:16-cv-03027 (D. Kan).

I.      ARGUMENT AND AUTHORITIES

   A.   **As an Initial Matter, Plaintiff's Brief Should be Stricken, or at a Minimum Disregarded After Page 15, for Flouting the Local Rules**

Plaintiff's brief continues a pattern that the undersigned witnessed throughout *McCoy* I: Plaintiff files *whatever he wants*, whenever he wants, completely regardless of the requirements of the rules.  Here, this Court has specifically limited opening and response briefs to 15 pages in recognition that most issues deserve no more.  This one's no different.  Aramark has complied with the page limitations, and Plaintiff's brief should be stricken for its failure to do so.[2]

   B.   **Collateral Estoppel Squarely Applies to Bar Plaintiff's Claims Here**

      1.   *McCoy* **I Involved the Same Issue of the CRD's Kosher Sufficiency**

Plaintiff's brief repeatedly applies the wrong standard to the doctrine of collateral estoppel. Such doctrine requires that the *same issue* was determined in the prior litigation.  (*Matosantos Commer. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1207 (10th Cir. 2001)).  It does *not* require, as Plaintiff's brief would have it, that the same word-for-word complaint be filed, or that there be no variances whatsoever in the complaint allegations from one case to the next.  (*See id.*).  As noted in Aramark's opening brief, while the allegations may vary slightly from *McCoy* I to present, the allegations in both cases all come back to the *same* outcome-determinative issue, already decided, of whether the CRD meals available to Plaintiff are sufficiently Kosher.

For example, Plaintiff here attempts to inject a new wrinkle on his claims by alleging the CRD on Jewish holidays, including while he is in "segregation," fails to provide him with his desired cheesecake, meats and fish, "choice wine," "dainties," "delicacies," "confectionaries" (candy), "sweet odors" and candles, and other "delights."  (Pltf Brief at 9-11, 15-16).  But this is

---

[2] Though he is a pro se plaintiff, the hundreds of pages of briefing that Mr. McCoy has submitted between *McCoy* I and this case demonstrate his full cognizance that there are Local Rules in place with which compliance is required. Regardless, in case the Court should consider all of Plaintiff's brief here, this Reply is addressing it in its entirety.

2

no more than a slightly different take on his *McCoy* I claim that the CRD should be "modified" for him to include particular items he wants in the form of a "TV dinner," lest it be rendered insufficiently Kosher.³  Such claim has already been rejected by this Court (*see* Court's *McCoy* I Order (10/2/2020), at 6, 13-14), and nothing changes here except that Plaintiff now refers to his various desired holiday "meat and dairy" treats and "delights" rather than a TV dinner, specifically. It is also noteworthy that the *Martinez* report's supporting materials include sworn testimony of KDOC's religious authority that the CRD meals provided to inmates on Jewish holidays, including inmates in segregation, do not violate Kosher dietary laws.⁴  (*See* Doc. #18, at 5).

      Plaintiff also claims there is something "new" about his complaint concerning the involvement of "non-Jews" in the CRD meal process, but then he turns around on page 20 of his brief and *admits* that this type of allegation was among the myriad allegations *that were already involved in McCoy I*.  (*See id.* (complaining he wasn't afforded a chance to fully "prove" the "non-Jew" allegation in *McCoy* I because "discovery was stayed")).  Indeed, it is highly doubtful that there is *any aspect* from the entirety of the CRD meal process that Plaintiff has *not* attacked in one form or another between the five-year duration and paper forest of *McCoy* I and this case.  As just one example, Plaintiff's 76-paragraph "statement of facts" here reads little different than the equally voluminous SOF he submitted on summary judgment in *McCoy* I.  So does his entire brief as it identically moves through all the same aspects of Kosher sufficiency (preparation, service, etc.).

---

³ Likewise, in another variant on his "modified" meals claim, Plaintiff alleges that in order to get any of his desired items of "delight," he would have to separately purchase them.  So again, he's alleging the CRD fails to provide him with the particular Kosher items he desires.  In sum, it's the same claim, just with a different wrapping around it.

⁴ Indeed, Plaintiff's apparent claim here that on Jewish holidays insufficient "meat and dairy" is available to him under the CRD is directly contradicted by the *Martinez* report and its attachments (*see, e.g.*, Doc. #17, at 7; Doc. #18, at 5), not to mention the Court's previous ruling in *McCoy* I that the CRD is constitutionally appropriate and Kosher. Regardless, it again all comes down to the *same issue already decided* of whether the CRD is constitutionally sufficient or whether it is somehow rendered *insufficient* because it needs to be "modified" as Plaintiff desires.

3

Finally, it is telling that Plaintiff does not even attempt to address the point – which he thereby tacitly acknowledges – that *he has failed to allege any change in the CRD menu process since 2020.* Rather, his complaints here overlap neatly with *McCoy* I, *again* challenging the CRD back to 2012, including during his incarcerations prior to EDCF. (*See* Pltf Brief, at 1-6, 14-15). Nothing has changed. Collateral estoppel applies. (*See Matosantos*, 245 F.3d at 1213).

## 2.     *McCoy* I Already *Determined* the Kosher Sufficiency Issue

The Kosher sufficiency issue was already determined on the merits in the Court's *McCoy* I Order, as extensively quoted in Aramark's brief. (*See* Doc. #43, at 1-2, 5-6). Plaintiff does not challenge the substantive merits of that decision nor of the numerous similar consistent decisions rendered by prior courts, as also detailed in such brief. (*See id.* at 7-9). Instead, Plaintiff tries to argue, incorrectly and incongruously, that such decision somehow did not "reach" the merits when it obviously did so. Here again, Plaintiff's argument contradicts itself at nearly every turn.

For example, while on one hand alleging the *McCoy I* Order "never reached the merits" on the Kosher sufficiency issue, he also tries to blame the *McCoy* I Judge for *determining* the Kosher sufficiency issue against him. (*Compare* Pltf Brief at 13-14 *with* 19). In this apparent effort to throw anything against the wall, no matter how contradictory, Plaintiff even tries to claim that *McCoy* I was merely a procedural dismissal for "improper citations" when it was clearly nothing of the sort. (*See, e.g.*, *McCoy* I Order, at 15 (dismissing the complaint there "with prejudice in its entirety")). Plaintiff may not have liked the *McCoy* I Order, but he simply has *no basis* for any claim that it was somehow merely "procedural" or not on the merits. (*See id.*).

## 3.     Plaintiff's Other Collateral Estoppel Arguments are Without Merit

Collateral estoppel only requires that *Plaintiff* was a party to both lawsuits, and the fact that the defendants vary slightly is *irrelevant*. (*See Matosantos*, 245 F.3d at 1207). Plaintiff also tries

4

to argue he did not receive a full opportunity to argue his cause in *McCoy* I. That incredible contention is belied, simply, by the 260 pages of summary judgment briefing that Plaintiff filed in *McCoy* I. All elements of collateral estoppel are satisfied, and the Complaint should be dismissed.

### C. Plaintiff's Complaint Additionally Fails to State a Claim

Almost as an afterthought, the end of Plaintiff's brief asserts that he has sufficiently stated a claim. Not so. First, Plaintiff has not pleaded or otherwise demonstrated Aramark or any of the Aramark-related defendants acted under color of law, as required for his § 1983 and RLUIPA claims. Such a finding is clearly directed by the various decisions of the 10th Circuit and this Court cited in Aramark's brief – none of which are distinguished or even mentioned by Plaintiff.

Second, Plaintiff has also failed to allege adequately, and cannot establish as a matter of law, that his religious beliefs are sincerely held. A prime example of this as discussed in Aramark's brief is the established fact that Plaintiff routinely departs from a Kosher diet, yet sees fit to repeatedly file this case for damages claiming he's not getting the Kosher items he wants. Plaintiff here talks for over a page about his travails working in the prison "food store," but none of that exposition offers any attempted justification for his history of consuming non-Kosher food items.

Finally, Plaintiff's brief includes a cursory mention of the initial screening of the Complaint under § 1915A, which is also inapposite. The short order that permitted this case to proceed, following screening and prior to service on any defendant, made *no* finding of substantive sufficiency of the Complaint under Rule 12(b)(6) or otherwise. Rather, the Court focused exclusively on whether Plaintiff's Complaint contests the *Martinez* report and, finding that it did, ruled merely that the Complaint "survives screening." Aramark's Motion raises completely different issues and arguments that were not addressed in such order or the screening process.

WHEREFORE, for all these reasons, Plaintiff's Complaint should be dismissed entirely.

Respectfully submitted,

*/s/ Dylan L. Murray*
James Scott Kreamer    KS #14374
Dylan L. Murray    KS #25417
BAKER STERCHI COWDEN & RICE, LLC
2400 Pershing Road, Ste. 500
Kansas City, Missouri 64108
Phone: (816) 471-2121
Fax: (816) 472-0288
dmurray@bscr-law.com

**ATTORNEYS FOR DEFENDANT ARAMARK CORRECTIONAL SERVICES, LLC**

6

## CERTIFICATE OF SERVICE

    I certify that on this 13th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the same to all counsel of record as indicated below.  A copy was also served on Pro Se Plaintiff via first class mail.

Deron McCoy, Jr. #76894
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042
KDOC_court_file_edcf@ks.gov
**PRO SE PLAINTIFF**

Dennis D. Depew
Matthew Lee Shoger
Office of Kansas Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
dennis.depew@ag.ks.gov
matt.shoger@ag.ks.gov
**ATTORNEYS FOR DEFENDANT**
**JEFF ZMUDA**

Jocilyn Oyler
Natasha M. Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, Kansas 66603
Jocilyn.Oyler1@ks.gov
Natasha.Carter@ks.gov
**ATTORNEYS FOR INTERESTED PARTY**
**KANSAS DEPARTMENT OF CORRECTIONS**

                */s/ Dylan L. Murray*