**In the United States District Court
for the District of Kansas**

―――――――

Case No. 21-cv-03269-TC

―――――――

DERON MCCOY, JR.,

*Plaintiff*

v.

ARAMARK CORRECTIONAL SERVICES, ET AL.,

*Defendants*

―――――――

**ORDER**

    Plaintiff DeRon McCoy filed this pro se civil rights action under 42 U.S.C. § 1983 in November 2021 while detained at the El Dorado Correctional Facility. Doc. 1. The suit named Aramark Correctional Services as defendant as well as various individuals in both their individual and official capacities. *Id.* at 1–2, 6. On March 27, 2023, Defendant Jeff Zmuda filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, motion for summary judgment under Rule 56. Doc. 51. Several reasons justify denying Zmuda's motion without prejudice.

    First, the memorandum in support violates the spirit of the page limitations set forth in D. Kan. R. 7.1(d). Briefs in support of motions for summary judgment must not exceed 40 pages and those in support of other motions, including Rule 12 motions, must not exceed 15 pages. D. Kan. R. 7.1(d)(2), (3). Zmuda's brief is 40 pages, ostensibly complying with the letter of those limitations. Doc. 52. But, significant formatting efforts were employed to avoid violating this limit, including using half-inch margins, reducing line spacing, and altering the footnotes. In the Tenth Circuit, briefs are expected to be submitted with 13- or 14-point font, double-spaced text, and no less than one-inch margins. *See* Fed. R. App. P. 32(a)(4), (5); 10th Cir. R. 27(d)(1)(D), 32(A). While there are no formal rules for formatting briefs in the District of Kansas, most practitioners adhere to the Tenth Circuit standard with the exception of utilizing 12-point font. Subsequent pleadings that fail to adhere to this standard will be rejected without further consideration.

Second, the substance of the brief—seeking dismissal for failure to state a claim—does not match the title's invocation of summary judgment. Most of Zmuda's arguments implicate the Rule 12 framework: they assert that, based on the allegations in the complaint, Zmuda is entitled to judgment as a matter of law either because McCoy failed to state a claim or because the Eleventh Amendment deprives federal courts of jurisdiction in this case.[1] *See, e.g.*, Doc. 52 at 13. Given that disconnect, and in light of the aforementioned formatting efforts, the strong implication is that the concept of summary judgment was invoked to avoid the 15-page limit applicable to Rule 12 motions.

The third factor at play is the early summary judgment motion itself. In the ordinary course, a defendant would file and litigate a single Rule 12 motion and then, after discovery closed, file a single Rule 56 motion that relies on the facts discovered. To be sure, Rule 56 permits filing a summary judgment motion "at any time until 30 days after" discovery has closed. Fed. R. Civ. P. 56(b). But early motions are frequently denied because the case has not yet developed, no discovery has occurred, and the parties' claims and defenses have not been formalized by way of a pretrial order. *See generally* Fed. R. Civ. P. 56(b), Advisory Committee Notes (2010) (recognizing that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had," because scheduling orders and other pretrial orders "can regulate timing" to fit the needs of the case). And multiple summary judgment motions filed throughout the course of the litigation are generally disfavored, especially when they appear designed to avoid page limitations. *See, e.g.*, *Power Equip. Co. v. Turner Bros. Constr., Inc.*, No. 21-0153, 2022 WL 5166631, at *2 (D.N.M. Aug. 30, 2022) (citing several cases, including from the District of Kansas). Thus, even without the aforementioned issues, Zmuda's motion for summary judgment would be denied without prejudice because it is premature.

---

[1] Only two arguments appear to rely on additional facts, Doc. 52 at 24–38, and neither is a good candidate for summary judgment at this stage. Zmuda questions the sincerity of McCoy's religious beliefs, *id.* at 27, but the Tenth Circuit has recognized such arguments are rarely appropriate for summary judgment because the jury must evaluate the plaintiff's credibility. *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007). And Zmuda argues that any burden on McCoy's religion was appropriately justified by institutional concerns, Doc. 52 at 35, but McCoy has not yet been able to seek—much less obtain—any discovery to evaluate that position. Summary judgment on either of these points might be appropriate later, but not today.

**IT IS THEREFORE ORDERED BY THE COURT THAT**
Zmuda's motion to dismiss or, in the alternative, for summary judgment, Doc. 51, is DENIED without prejudice. Zmuda may file an answer or other response on or before May 16, 2023.

It is so ordered.

Date:  May 2, 2023             s/ Toby Crouse
                               Toby Crouse
                               United States District Judge

3