IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERON McCOY Jr.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case. No. 21-3269-TC-ADM |
| | ) |
| **ARAMARK CORRECTIONAL** | ) |
| **SERVICES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION
AND FOR LEAVE TO FILE AMENDED MOTION**

Defendants Jeff Zmuda, Patricia Berry, and Sharon Coats (the "KDOC Defendants") submit this motion for reconsideration, through Assistant Attorney General Matthew L. Shoger, under D. Kan. Rule 7.3(3). The KDOC Defendants request that the Court correct clear errors in its recent Order (Doc. 63) denying Defendant Zmuda's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 51). The KDOC Defendants also attach as Exhibit 1 a new proposed Motion to Dismiss or, in the Alternative, for Summary Judgment, with one-inch margins and with arguments removed that directly relate to lack of sincerity. The KDOC Defendants request leave to file this proposed motion. The clear errors contested by the KDOC Defendants are as follows.

I. **It was clear error to state that the "ordinary course" in a conditions-of-confinement case in this district is to wait until after discovery to file a summary judgment motion.**

While the ordinary course outside of inmate litigation may be to wait until after discovery to file a summary judgment motion, this is not the case for inmate conditions-of-confinement cases in the District of Kansas. The majority of inmate conditions-of-confinement cases in the District of Kansas that survive screening see a Motion to Dismiss, or in the Alternative, for

Summary Judgment as the initial responsive pleading, and other judges in the District of Kansas frequently grant summary judgment when ruling on them. *See, e.g., Grissom v. Bell*, No. 20-3163-JWB, 2022 WL 4534620, at *1, *4, *12 (D. Kan. Sep. 28, 2022) (evaluating a "motion to dismiss or, in the alternative, for summary judgment" as a summary judgment motion and granting it); *Brown v. Schnurr*, No. 21-3105-JAR, 2022 WL 3646248, at *7 (D. Kan. Aug. 24, 2022) (granting summary judgment on certain claims when ruling on a "Motion to Dismiss, or in the Alternative, for Summary Judgment"); *Bellamy v. McCollough*, No. 20-3229-DDC, 2022 WL 612447, at *8 (D. Kan. Mar. 1, 2022) (granting summary judgment on certain claims when ruling on a "Motion to Dismiss, or in the Alternative, for Summary Judgment"); *Grissom v. Palm*, No. 19-3178-EFM, 2021 WL 4523807, at *1, *5 (D. Kan. Oct. 4, 2021) (construing a "Motion to Dismiss or for Summary Judgment" as a summary judgment motion and granting it); *Winter v. Mansfield*, No. 19-3236-HLT, 2021 WL 4354617, at *10 (D. Kan. Aug. 27, 2021) (granting summary judgment on certain claims when ruling on a "motion to dismiss, or in the alternative for summary judgment"); *Hughes v. Schnurr*, No. 19-3014-SAC, 2019 WL 6828642, at *6 (D. Kan. Dec. 13, 2019) (granting summary judgment when ruling on a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment"); *Mochama v. Zwetow*, No. 14-2121-KHV, 2017 WL 36363, at *21 (D. Kan. Jan. 3, 2017) (granting summary judgment on certain claims when ruling on a "Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment"); *Dudley v. N. Cent. Reg'l Off.*, No. 09-2027-JWL, 2009 WL 3447249, at *1, *2 (D. Kan. Oct. 21, 2009) (addressing a "Motion to Dismiss or, in the Alternative, for Summary Judgment," in a post-confinement correctional context, as a motion for summary judgment and granting it).

    The Tenth Circuit has affirmed such grants of summary judgment in inmate conditions-of-confinement cases. *Jones v. Cannon*, 589 F. App'x 849, 854 (10th Cir. 2014) (affirming the

district court's grant of summary judgment when ruling on "motions to dismiss or in the alternative for summary judgment," including specifically finding that "[t]here was nothing improper about the form of these motions"); *Watson v. Hollingsworth*, 741 F. App'x 545, 547-48 (10th Cir. 2018) (affirming a grant of summary judgment on certain claims by Judge Melgren on a "motion to dismiss, or in the alternative, a motion for summary judgment").

Accordingly, it was clear error to suggest that invoking summary judgment at this stage was outside the "ordinary course" for inmate conditions-of-confinement cases in this district.[1]

## II. It was clear error for the Court to prevent Zmuda from presenting arguments regarding failure to exhaust and qualified immunity.

The Court stated that summary judgment is inappropriate here prior to allowing discovery. (Doc. 63 at 2.) Affirmative defenses by their very nature often involve production of evidence, which frequently makes them inappropriate for disposition under Federal Rule of Civil Procedure 12(b)(6). One affirmative defense, exhaustion of administrative remedies, stands as a threshold requirement of an inmate lawsuit regarding prison conditions. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("unexhausted claims cannot be brought in court."). "The issue of Plaintiff's failure to exhaust his available administrative remedies prior to filing his lawsuit must be determined before reaching the merits of his lawsuit." *Hughes v. Schnurr*, No. 19-3014-SAC, 2019 WL 6828642, at *6 (D. Kan. Dec. 13, 2019) (citing *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010)); *see also Boles v. Allen*, 784 F. App'x 596, 600 (10th Cir. 2019) (affirming summary judgment for failure to exhaust prior to discovery).

---

[1] Such motions sometimes occur outside of a corrections context as well. This Court, for example, has granted summary judgment when ruling on at least one such motion. *Braithwaite v. U.S. Dep't of Just.*, No. 21-2152-TC, 2022 WL 343731, at *1 (D. Kan. Feb. 4, 2022) (granting summary judgment on certain claims when ruling on a motion "to dismiss for failure to state a claim, or in the alternative, for summary judgment").

Accordingly, Zmuda provided the record of exhaustion of administrative remedies in full, including the pages omitted by McCoy. The failure to exhaust section of Zmuda's motion depends on that evidence to explain how McCoy's exhaustion of administrative remedies did not in fact exhaust administrative remedies regarding particular issues of critical importance to the case. *See Jones v. Bock*, 549 U.S. at 204, 216 (holding that under the PLRA failure to exhaust is an affirmative defense that the defendant must prove). The KDOC Defendants should not be limited in making this argument to using only the incomplete record provided by McCoy, but rather should be allowed to present this threshold issue in full, as is required to give meaningful effect to the statutory exhaustion requirement.

Qualified immunity is an affirmative defense that – according to binding circuit precedent – can be raised in a motion for summary judgment, and it protects officers from the burdens of pre-trial discovery. *Thomas v. Kaven*, 765 F.3d 1183, 1194, 1197 n.9 (10th Cir. 2014) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). To deny the ability of government officers to raise qualified immunity arguments through summary judgment prior to discovery, then, without at least "issu[ing] a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim," *id.* at 1197 n.9, is to deny them the protections of qualified immunity. *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012) (saying that postponing a decision on qualified immunity is immediately appealable because "defendants lose the right to be free from the burdens of pretrial discovery and trial"); *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)) (finding postponing ruling on qualified immunity arguments in a summary judgment motion without narrowing discovery is immediately appealable). The facts in Zmuda's motion provide context for the qualified immunity inquiry.

"[T]he clearly-established-law analysis 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Jones v. Manriquez*, 811 F. App'x 482, 489 (10th Cir. 2020) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). Accordingly, Zmuda repeatedly referenced qualified immunity arguments while discussing the specific factual context.[2] To deny Zmuda the ability to raise his qualified immunity arguments through summary judgment and force him to go through the full burdens of pre-trial discovery is to deny him qualified immunity.

Further, if the plaintiff needs more discovery prior to responding to a motion for summary judgment, the plaintiff can request it through Federal Rule of Civil Procedure 56(d) but must meet the burden of providing "specified reasons" for why such discovery is needed. Fed. R. Civ. P. 56(d). Under Rule 56(d), a party can object to a motion for summary judgment if the party does not have access to evidence needed to respond effectively. "But relief under Rule 56(d) is not automatic." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). Rather, to obtain relief under Rule 56(d), the movant must submit an affidavit explaining the "probable facts" that are unavailable, why they are unavailable, and how additional time for discovery "would allow for rebuttal of the adversary's argument for summary judgment." *Id.* "The protection afforded by Rule 56[d] . . . is designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petrol. Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).[3] Here, the Court *sua sponte* stated that McCoy needs to be allowed authority to conduct discovery without providing any limitations through a discovery order or

---

[2] (Doc. 52 at 25 ("Existing case law is unclear"), 36-37 (discussing how qualified immunity protects officers from the burdens of pre-trial discovery), 39 ("A reasonable officer could in good faith rely on these reasons to support the restrictions, especially in light of the lack of an unequivocal judicial holding in the Tenth Circuit holding any of these restrictions to be a violation.").)

[3] *See also* Fed. R. Civ. P. 56(d) advisory committee's note on 2010 amendment (explaining changes in subsection numbering).

explaining any probable facts that McCoy could find through discovery that would allow him to rebut Zmuda's arguments such as failure to exhaust or qualified immunity.

For these reasons, it was clear error to prevent Zmuda from presenting arguments through summary judgment regarding failure to exhaust and qualified immunity without at least narrowing discovery to only facts the Court finds necessary to rule on those issues.

### III. It was clear error to find that the majority of the motion sounded only in Rule 12 or that summary judgment was invoked to get around the page limit.

The Court stated that most of Zmuda's arguments implicate the Rule 12 motion-to-dismiss framework and not the Rule 56 summary-judgment framework. (Doc. 63 at 2.) The Court further suggested that meant that Zmuda was attempting "to avoid the 15-page limit applicable to Rule 12 motions." (Doc. 63 at 2.) The Court suggested that only two arguments appear to rely on "additional facts" – specifically, arguments regarding lack of sincerity and regarding justification (under three different standards under RLUIPA, § 1983, and the Equal Protection Clause). (Doc. 63 at 2 n.1.) As an initial matter, a summary judgment motion does not need to present any "additional facts" at all, but can simply point out the insufficiency of the non-movant's evidence.[4] Secondly, a summary judgment motion may rely on evidence from the *Martinez* Report, not just new evidence.[5] The majority of Zmuda's motion – at least in the alternative – relied on additional evidence, evidence from the *Martinez* Report, or pointed out the

---

[4] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (saying the movant for summary judgment may carry its initial burden by "demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim").
[5] *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("On summary judgment, a *Martinez* report is treated like an affidavit"); *Grissom v. Bell*, No. 20-3163-JWB, 2022 WL 4534620, at *4 (D. Kan. Sep. 28, 2022) ("Because the court has considered the *Martinez* report and other exhibits in ruling on this motion, the court will evaluate the claims under the standard for summary judgment.").

6

insufficiency of McCoy's evidence. Even only counting reliance on additional evidence, however, the Court left out of its list the following arguments: lack of personal participation, failure to exhaust administrative remedies, lack of a substantial burden, lack of beliefs of a religious nature, qualified immunity being substantially bolstered by the context established by the evidence,[6] and the mootness of injunctive relief. Additionally, for the argument regarding the lack of the requisite subjective intent for punitive damages, Zmuda pointed out the insufficiency of McCoy's evidence.

By page count, 24 pages or more of the 40 pages in the motion involve summary judgment and not just dismissal. Although the page count may have been different with different margins, the fact that most of the motion was related to summary judgment would not have changed. Although exhibits M, N, and O are not cited after the statement of material facts, the facts they support are still referenced and relied on later in the document.

| Argument | Pages | Exhibits/Evidence Relied On | # of Pages |
|---|---|---|---|
| Index of Exhibits | 1-2 | **All Exhibits** | 0.5 pages |
| Statement of Material Facts | 3-8 | **All Exhibits, Doc. 17-1, Doc. 18,** Doc. 24-1, Doc. 47-1 | 5 pages |
| Summary Judgment Standard | 10-11 | | 0.75 pages |
| Personal participation (paragraphs 2 and 3) | 18-19 & n.12-14 | **K, B, L, C (these four if judicial notice insufficient)**, points out insufficiency of McCoy's evidence | 0.5 pages |
| Failure to Exhaust | 20-22 | **A,** *M (in Statement of Facts)*, Doc. 24-1 | 2.5 pages |
| No Substantial Burden | 24-27 | **D, A, E,** *O (in Statement of Facts)*, Doc. 24-1, points out inadmissibility of McCoy's evidence | 3 pages |
| Beliefs Not Sincere | 27-30 | **D, F, G**, Doc. 24-1, Doc. 24-2, Doc. 47-1, points out implausibility of McCoy's evidence | 2.5 pages |

---

[6] As discussed above, Zmuda repeatedly referenced qualified immunity arguments while discussing the specific factual context.

| Beliefs Not Religious | 30-35 | **Doc. 17-1, Doc. 18,** Doc. 3, Doc. 19, Doc. 24-3, Doc. 47-1, points out insufficiency of McCoy's evidence | 5.5 pages |
|---|---|---|---|
| Compelling interests (RLUIPA) | 35-38 | **H, I, KDOC annual report**, Doc. 24-1, Doc. 47-1 | 2 pages |
| *Turner* analysis (§ 1983) | 38-39 | All in the above row | 1.5 pages |
| Equal Protection Clause | 39 | **A, G** | 0.25 pages |
| Punitive Damages (mens rea) | 40 & n.56 | Points out insufficiency of McCoy's evidence | 0.25 pages (combined with below) |
| Mootness of injunctive relief | 40 & n.57 | **J**, *N (in Statement of Facts)* | (combined with above) |
| Questions Presented IV-X | 8-9 | Q's IV-X relate to all above | 0.5 pages |
| **TOTAL** | | | **24.75 pages** |

Accordingly, it was clear error for the Court to find that most of the motion sounded only in Rule 12. Rather, most of the motion related to Rule 56 and the additional 25 pages in the page limit was almost entirely, if not actually entirely, used for summary-judgment-related arguments. As such, invoking summary judgment was clearly not an attempt to get around the page limit.

**IV.** **It was clear error for the Court to accuse the undersigned counsel of reducing line spacing or altering footnotes.**

The Court's Order made formatting-related accusations of the undersigned counsel. The Court claimed that the undersigned counsel reduced line spacing. Zmuda's motion used double spacing throughout except for the parts of the document that would be exempted under Federal Rule of Appellate Procedure 32(a)(4) (quote blocks, headings, and footnotes). The KDOC Defendants request that this statement be rescinded or that the Court provide clarification of what line spacing issues the Court is referring to. If, for instance, the Court requires more than double spacing between paragraphs (perhaps using "space after" or "space before") or requires parts of a document that would be exempt under Federal Rule of Appellate Procedure 32(a)(4) to use

double spacing, then please provide notice of that so that the KDOC Defendants can be sure to follow it in the future. As it stands, the undersigned unfortunately does not know what the Court is accusing him of and has no guidance as to how to avoid such accusations in the future.

The Court also claimed that the undersigned counsel altered footnotes. Zmuda's motion used the default formatting in Microsoft Word for footnote text except for making it Times New Roman instead of Calibri, making it 12-point font instead of 10-point font, and disabling widow/orphan control.[7] The KDOC Defendants request that this statement be rescinded or that the Court provide clarification of what alteration of footnotes the Court is referring to. If the Court prefers widow/orphan control be enabled, for example, please provide notice of that so that the KDOC Defendants can be sure to follow that in the future. As it stands, the undersigned unfortunately does not know what the Court is accusing him of and has no guidance as to how to avoid such accusations in the future.

It is clear error for the Court to accuse the undersigned counsel of reducing line spacing or altering footnotes. The undersigned counsel used double spacing throughout and made footnotes *larger in size* than the default settings. The undersigned counsel would be happy to provide a Microsoft Word copy of Zmuda's motion or to explain any formatting settings in a hearing if that would assist the Court in evaluating the formatting of the motion.

---

[7] Widow/orphan control is a setting that sometimes prevents paragraphs from breaking across two pages. It can sometimes result in pages ending unexpectedly, leaving an unusually large area at the bottom of a page (like on this page), especially when a document includes headings or footnotes. Disabling it mitigates the effects of using another setting called "keep with next" on headings, which can result in large chunks of text sticking together.

V. **The KDOC Defendants request leave to file Exhibit 1 as a responsive pleading because it may otherwise conflict with the Court's recent Order.**

Based on the above arguments, the KDOC Defendants believe that Exhibit 1 is an appropriate responsive pleading at this stage of the case, and respectfully request that they be granted leave to file it. Exhibit 1 has one-inch margins, is limited to 40 pages in length, and excludes arguments that directly relate to lack of sincerity. (The KDOC Defendants reserve the right to raise lack-of-sincerity arguments in a possible future motion.) But it is a Motion to Dismiss or, in the Alternative, for Summary Judgment, and it has the same line spacing and footnote formatting as Doc. 52. So the KDOC Defendants request leave to file it because it would otherwise appear to conflict with this Court's Order in Doc. 63.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of May, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Dylan L. Murray
    Baker, Sterchi, Cowden & Rice, LLC - Pershing
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108-2533
    dmurray@bscr-law.com
    *Attorney for Aramark Correctional Services, Inc.*

    James Scott Kreamer
    Baker, Sterchi, Cowden & Rice, LLC - Pershing
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108-2533
    kreamer@bscr-law.com
    *Attorney for Aramark Correctional Services, Inc.*

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    Natasha.Carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

    Deron McCoy, Jr. #76894
    El Dorado Correctional Facility-Central
    P.O. Box 311
    El Dorado, KS 67042
    *Plaintiff, pro se*

                              */s/ Matthew L. Shoger*
                              Matthew L. Shoger
                              Assistant Attorney General