**In the United States District Court
for the District of Kansas**

───────────

Case No. 21-cv-03269-TC

───────────

DERON MCCOY, JR.,

*Plaintiff*

v.

ARAMARK CORRECTIONAL SERVICES, ET AL.,

*Defendants*

───────────

**ORDER**

Defendant Jeff Zmuda filed a motion to dismiss or, in the alternative, for summary judgment. Doc. 52. That motion was denied without prejudice because it used formatting efforts to avoid the page limitations, appeared to call itself a motion for summary judgment only to take advantage of the increased page limitation for such motions, and was premature. Doc. 63 at 1–3. The KDOC Defendants, which includes Zmuda, seek reconsideration of that decision and leave to file a shortened motion to dismiss or, in the alternative, for summary judgment. Docs. 73 & 74.

The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). District of Kansas Rule 7.3 requires motions to reconsider to be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See id.* Whether to grant such a motion is a matter of judicial discretion. *Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1225 (10th Cir. 2021).

1

Reconsideration is necessary, Zmuda contends, because denial of his motion without prejudice constituted clear error. Doc. 73. Clear error is defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbot Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). "Courts within this circuit have described it as 'the definite and firm conviction that a mistake has been committed based on the entire evidence or that a particular fact determination lacks any basis in the record.'" *Gardner v. Unified Gov't of Wyandotte Cnty./Kan. City*, No. 14-2406, 2015 WL 3514679, at *4 (D. Kan. June 4, 2015) (quoting *Goodnow v. Okla. Dep't of Human Servs.*, No. 11-54, 2012 WL 984084, at *3 (N.D. Okla. Mar. 22, 2012)). There is no precise definition of what constitutes "manifest injustice," but the term is described by federal courts in Kansas as a "direct, obvious, and observable error." *Id.* The moving party can only prevail on reconsideration if he or she demonstrates injustice that is "indisputable." *Id.*

Zmuda's argument appears to have three points. He asserts that in the specialized genre of prisoner litigation, early summary judgments are not unusual, Doc. 73 at 1–3; denying the motion prevented him from asserting defenses, including qualified immunity, *id.* at 3–6; and more than just the two arguments noted in the Order denying his motion can be construed as relying on summary judgment materials, *id.* at 6–8.

The motion for reconsideration is denied because none of those arguments, individually or in combination, establishes clear error. The basis of the Order was not that such motions for summary judgment are verboten at any particular stage of the proceedings. Litigants have long successfully filed early motions for summary judgment in the conditions-of-confinement context. *See, e.g.*, *Dartez v. Peters*, No. 15-3255, 2017 WL 2774670 (D. Kan. June 27, 2017) (granting summary judgment even though an amended complaint had been filed and no discovery had occurred); *Helms v. Withington*, No. 16-2388, 2016 WL 7386440 (D. Kan. Dec. 21, 2016) (granting summary judgment on a conditions-of-confinement case involving a report prepared pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)). Nor was it to preclude an assertion of any defense at any particular point of the litigation. After all, defenses like qualified immunity can be asserted (and appealed) repeatedly. *Behrens v. Pelletier*, 516 U.S. 299, 306–11 (1996). Rather, the motion was denied primarily because it appeared designed to avoid the page limits, Doc. 63 at 2, something prior and subsequent pleadings confirm, *compare* Doc. 52; *with* Docs. 53, 67, & 73-1. *See also* Doc. 73 at 7 (acknowledging "the page count *may have been* different with different margins" (emphasis added)).

Litigation strategy is something for the KDOC Defendants to decide. If they wish to forgo filing a pure motion to dismiss, have it considered, and then subsequently file a summary judgment motion to address any remaining claims, that is their prerogative. *See, e.g.*, Docs. 74 & 74-1. But they will be limited to filing a single motion for summary judgment in this litigation. If they do so now (even as an alternative basis), they will not have the opportunity to file another summary judgment motion at any later stage in these proceedings. *Cole v. Convergys Customer Mgmt. Grp.*, No. 12-2404, 2013 WL 1446556, at *1 (D. Kan. Apr. 9, 2013) ("A party should ordinarily submit only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piecemeal approach to a multiple claim suit. As this Court has previously noted, filing summary judgment motions seriatim on one's own initiative not only makes 'the court's task of shuffling paperwork more complex,' but also permits 'any number of permutations of the page-limitation rule, all of which would be sure to be exploited by creative counsel more frequently than desired by the court or warranted by the circumstances.'"); *accord Buckham v. Nuss*, No. 21-CV-190, 2023 WL 2182346, at *3 (D. Wyo. Jan. 23, 2023); *Vera v. Rodriguez*, No. CV 16-491, 2017 WL 6621048, at *1 (D.N.M. Dec. 27, 2017).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Zmuda's motion for reconsideration, Doc. 73, is DENIED. The KDOC Defendants' Motion for Leave, Doc. 74, is GRANTED in part—their answer or other response, including their proposed pleading, *see* Doc. 74-1, must be filed on or before June 2, 2023.

It is so ordered.

Date: May 24, 2023          s/ Toby Crouse
                            Toby Crouse
                            United States District Judge