IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERON McCOY Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case. No. 21-3269-TC-ADM |
| ) | |
| **ARAMARK CORRECTIONAL** ) | |
| **SERVICES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### REPLY IN SUPPORT OF THE KDOC DEFENDANTS' MOTION TO DISMISS

Defendants Jeff Zmuda, Patricia Berry, and Sharon Coats (the "KDOC Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this Reply in further support of their Motion to Dismiss. (Doc. 79.) They assert that Plaintiff Deron McCoy, Jr., does not overcome their legal arguments. Accordingly, their motion should be granted in its entirety. They incorporate herein, as if set forth in full, the arguments and authorities in their Memorandum in Support. (Doc. 80.) The motion should be granted for the reasons previously stated.[1]

McCoy completely fails to address the KDOC Defendants' arguments regarding: RLUIPA not supporting individual capacity claims; claim preclusion (res judicata); failure to exhaust administrative remedies; and lack of the requisite subjective intent for punitive damages.

Regarding Eleventh Amendment immunity, McCoy agrees with the KDOC Defendants when he says that "Defendants do not enjoy sovereign immunity to prospective injunctive relief

---

[1] McCoy says in his Response that he is responding to defendant Aramark Correctional Services ("Aramark") and the docket accordingly associates his Response with Aramark's motion to dismiss. (Doc. 85.) But McCoy already responded to Aramark's motion to dismiss (Doc. 47), and his Memorandum of Law in Support here instead addresses the KDOC Defendants' arguments, including mentioning Zmuda by name numerous times (e.g., Doc. 85-1 at 22-25). So the KDOC Defendants believe the Response was intended to respond to their motion to dismiss, not Aramark's, and file this Reply accordingly.

claims nor claims against [them] in [their] individual capacity." (Doc. 85-1 at 22; *see also* Doc. 80 at 5.) McCoy does not contest that Eleventh Amendment immunity bars claims against the KDOC Defendants' in their official capacities or for monetary or injunctive relief.

McCoy states in a conclusory manner that the KDOC Defendants lack standing to bring defenses to claims not brought against them directly. (Doc. 85-1 at 25.) But McCoy fails to address the KDOC Defendants' argument that they have standing to contest all of the claims based on their significant official interest in the outcome of each. McCoy also fails to acknowledge that Berry and Coats have standing to contest claims brought directly against them.

Regarding personal participation, McCoy newly asserts that Zmuda is "solely responsible for developing, implementing, reviewing, and approving IMPP for KDOC." That allegation is not in the Complaint, and it is also a plainly non-sensical statement. KDOC and EDCF are not a one-man show but rather employ thousands of individuals. *See* KDOC, Annual Report: Fiscal Year 2022, 39 https://www.doc.ks.gov/publications/Reports/kdoc-fy2022-annual-report. Naturally, all of those employees implement KDOC policy, not solely Zmuda. McCoy also states that Zmuda is responsible "for the IMPP that barred the plaintiff from participating in religious food banquets while housed in RH" (Doc. 85-1 at 22). But nowhere in the Second Amended Complaint ("Complaint") did McCoy claim that an IMPP or any KDOC-wide policy had done that or that Zmuda had promulgated it. Rather, McCoy cited an EDCF General Order (Doc. 24 at 28), which has now been amended to allow the activity that McCoy complained was prohibited (Doc. 85-1 at 23).

Regarding issue preclusion, McCoy says the issues are not identical because he failed to mention various details in the previous case. (Doc. 85-1 at 18.) McCoy ignores that this Court said in the previous case that the CRD policy (a KDOC-wide policy) provided him with Kosher

meals in accord with Jewish dietary practices. (*See* Doc. 80 at 8 (quoting *McCoy* I).) McCoy has not alleged a change in facts that would merit revisiting this clear decision. And McCoy alleges that EDCF *follows that same CRD policy*. (*See, e.g.*, Doc. 24 at 21-22, 24-25.)

McCoy says the prior action was not previously litigated on the merits and he points to various parts of the decision not being on the merits. (Doc. 85-1 at 19-20.) But the Court in the prior action *ruled on the merits regarding the KDOC-wide CRD policy*. When McCoy "failed to demonstrate a genuine issue of material fact" (Doc. 85-1 at 19) that was a decision on the merits. The Court lacked jurisdiction over prospective relief because McCoy did not request to be put on the CRD after transferring from LCF to EDCF. (Doc. 190 at 10.) McCoy failed to exhaust administrative remedies in *McCoy I* regarding EDCF, but he currently alleges that EDCF *follows the same KDOC-wide CRD policy that the court ruled on*. (*See, e.g.*, Doc. 24 at 21-22, 24-25.) McCoy says he disagrees with some testimony from the previous case, but that does not change the nature of the ruling as being on the merits.

McCoy says this case involves different parties. (Doc. 85-1 at 20, 23.) But only "the party against whom the doctrine is invoked" – that is, McCoy – must be "a party or in privity with a party to the previous adjudication." *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1193 (10th Cir. 2017). McCoy was a party to the previous adjudication.

McCoy says he did not have a full and fair opportunity to litigate the issue because he was unable to prove the religious nature of his own beliefs about kosher food (*see* Doc. 190 at 6 (discussing McCoy's failure to provide proof on this point)) because he was unable to conduct discovery and because of allegedly perjured testimony by the rabbis Friedman and Fellig. (Doc. 85-1 at 20-21.) But discovery from other parties should not be needed for a plaintiff to show the religious nature of his own beliefs. And regarding alleged perjury, this a conclusory allegation.

3

McCoy has not demonstrated that perjury occurred but only that he disagrees with the testimony. And a full and fair opportunity has to do with procedural fairness, *see Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014), so it is not undermined by McCoy disagreeing with the substantive content of another witness's testimony.

Regarding qualified immunity in general, McCoy alleges that a prisoner generally has a clearly established right to a diet conforming to the prisoner's religious beliefs. (Doc. 85-1 at 24.) But McCoy does not cite any cases clearly establishing that failure to provide *specific* foods causes a substantial burden to religious exercise. *See City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) ("This Court has repeatedly told courts not to define clearly established law at a high level of generality.") Further, McCoy does not address discriminatory purpose at all.

McCoy does not directly mention mootness, but in several places he vaguely refers to the possibility of him being returned to restrictive housing (RH) in the future. (Doc. 85-1 at 22-23.) Although an exception exists for conduct capable of repetition yet evading review, it is a narrow exception only to be used in exceptional situations. *Jordan v. Sosa*, 654 F.3d 1012, 1034 (10th Cir. 2011). And under Tenth Circuit precedent, the fact that McCoy has previously been in RH does not establish that he is likely to return to RH. *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1216 (10th Cir. 2015) ("pursuant to our precedent, we decline to assume he will repeat the misconduct that previously got him sent to administrative segregation"); *Jordan*, 654 F.3d at 1032 (citing *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975)) (saying – specifically on the subject of prison transfers – that the court is "disinclined to opine on important constitutional issues based upon the speculative suggestion that a plaintiff *might* be returned to a setting where he would be subject to allegedly unconstitutional practices" (emphasis in original)).

McCoy also says the General Order cited for why McCoy could not participate in

religious banquets in RH has been amended to allow it (Doc. 85-1 at 23), which further moots his RH claim. McCoy states that he only brought the claim regarding RH against Zmuda to fix the issue "for all of KDOC facilities" (Doc. 85-1 at 23) to alleviate any possibility that he could find himself under the complained-of conditions again. The paragraph above addresses that.

McCoy includes a statement of material facts (Doc. 85-1 at 2-12), which the KDOC Defendants are not required to respond to because the current motion is not a motion for summary judgment. And at the motion to dismiss stage, McCoy cannot use a Response to add additional factual allegations to those in his Complaint ("Complaint"). McCoy effectively spends pages and pages listing facts that are supposedly part of this case. (Doc. 85-1 at 2-12, 15-18.) But McCoy cannot amend his Complaint – which he has already amended twice – in this fashion. He cites repeatedly to documents that are both outside the Complaint and outside the scope of judicial notice, which means they are irrelevant here at the motion-to-dismiss stage.

McCoy left in a sentence from an earlier response (off of which he appears to have based this Response) requesting the Court make a factual finding regarding sincerity (Doc. 85-1 at 22.) But sincerity is not at issue for the present motion. And factual findings are inappropriate relief at the motion-to-dismiss stage, at which the Court only considers plausibility for facts.

> Respectfully submitted,
>
> OFFICE OF ATTORNEY GENERAL
> KRIS W. KOBACH
>
> */s/ Matthew L. Shoger*
> Matthew L. Shoger, KS No. 28151
> Assistant Attorney General
> 120 SW 10th Avenue, 2nd Floor
> Topeka, Kansas 66612-1597
> matt.shoger@ag.ks.gov
> (785) 296-2215
> Fax: (785) 291-3767
> *Attorney for the KDOC Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of July, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Dylan L. Murray
    Baker, Sterchi, Cowden & Rice, LLC - Pershing
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108-2533
    dmurray@bscr-law.com
    *Attorney for Aramark Correctional Services, LLC*

    James Scott Kreamer
    Baker, Sterchi, Cowden & Rice, LLC - Pershing
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108-2533
    kreamer@bscr-law.com
    *Attorney for Aramark Correctional Services, LLC*

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    Natasha.Carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served by means of first-class mail on July 12, 2023, postage prepaid, addressed to:

    Deron McCoy, Jr. #76894
    El Dorado Correctional Facility-Central
    P.O. Box 311
    El Dorado, KS 67042
    *Plaintiff, pro se*

                                        */s/ Matthew L. Shoger*
                                        Matthew L. Shoger
                                        Assistant Attorney General