Deron McCoy, Jr #702514
P.O Box 311
Eldorado, Ks 67042

United States District Court
For the District of Kansas

Deron McCoy Jr, )
   Plaintiff, )
 )  Case No. 21-CV-3269-TC-
vs. ) ADM.
Aramark Correctional Services )
et al Defendants )
 )

~~Conference~~
Plaintiffs Motion Requesting Hearing
for Status & conference call and/or
Judicial Intervention

Comes Now the Plaintiff Deron McCoy Jr
in a pro se motion and request this
Court schedule and conduct a conference
call with the plaintiff or intervene
if need be in order to prevent any
Malicious tactic by Kdoc employees or agents;
Aramark employees or agents to impede
frustrate or retaliate against the plaintiff
in any way. By action or inaction ~~that was~~
~~that was~~ or take any steps that may
(1) impact the plaintiffs civil action that is Non
Frivolous) in a negative way.

specifically not denying the plaintiff access to Law Library, retalitory segregation placement or retalitory transfer. In support of said motion the plaintiff states the following:

## Facts

1. The plaintiff brought the current civil action against several Aramark defendants as well as K.DOC defendants for denial of his religious right to free exercise of his belief of Judaism (in which eating kosher only food that meets a dietary laws is a central tenant) The plaintiff had to pay $400 filing fee.

2. The plaintiff incorporated with his 1983 petition the "Shulhan Aruch" or "Jewish code of law" that pertained to the laws and tradditions for Kosher dietary as well as laws for rejoicing on festivals and properly observing a festival / High Holyday

3. Those excerpts from the Jewish code of law completly support the plaintiffs claims against all defendants

(2)

4. IN 2016 The plaintiff previously filed a 1983 petition while at Lansing correctional facility. After he filed it shortly after the plaintiff was transferred to long-term seg on trumped up reasons (a fight), which was out of the ordinary.

5. IN March 2019 The plaintiff was also sent to Hutchinson correctional facility, but was held in segregation. After filing a K.S.A 60-1501 concerning the conditions at H.C.F The plaintiff was then brought back to E.D.C.F and released to general population on Jan 18th, 2019.

6. Each one of those transfers coincided with the filing of a grievance or civil action

7. The plaintiff has central monitors at Lansed Lansed correctional, Hutchinson correctional, Ellsworth correctional, and Norton correctional facility which are put in place to keep residents from being at the same facility at the same time.



8. The plaintiff doesn't currently have a central monitor at Lansing correctional facility 

8. but recall back in May, 2019 when the plaintiff had to attend trial in the U.S. Dist court 10th Fed on his excessive force claim he was transferred to L.C.F. During that time of trial. Before leaving he checked if he had any central monitors at L.C.F. and there was none. L.C.F. post drop sheet. which shows the names of incoming residents and outgoing residents the day before the residents are to arrive.

9. As soon as plaintiff arrived at L.C.F., instead of being allowed to go to general population he was placed in segregation and when he inquired why, he was told that he had 2 central monitors at L.C.F. and that 2 residents had approach E.A.I (investigators) and told them that if they let the plaintiff out there to general population that there would be problems.) The plaintiff was held in segregation hold over status for 30 days with no property and had to go on hunger strike to make them transfer him back to E.D.C.F.

10. The plaintiff previously filed action on CRF while at L.C.F. any transfer to that facility would esentially impede his current civil actions, which has great merit and would not serve the ends of justice.

(4)

III. The plaintiff is currently a enrolled student at Butler County community college at EDCF and is enrolled in next semester also.

## Discussion

It seems to be a custom in the plaintiffs experience that ~~of custody~~ some K.D.O.C employees might try or actually retaliate on residents for filing grievances and civil actions against them. When dealing with the C.O.s who retaliate it's usually more direct and easier to prove and define. But when ~~fellow~~ employees who have administrative position or persons who are contract companys like Aramark. The retaliation isn't as direct or and is often masked by using a some other reason. For example say a resident files a action and it has merit, and is supported by the record/evidence and the resident is a legal beagle. ~~there~~ The administration might ~~try to~~ find a way to do away with the civil action. ~~Also~~ they know they can't directly retaliate against the resident, so they attempt to mask ~~~~ a retalitory act (like segregation) or transfers) with other NON related ~~actions~~ situations. Let say a plaintiff filed against a warden

(5)

Then like a months down the line the resident got a Disciplinary report for a fight or something like that. Then all of a sudden he gets OSR and placed in long-term seg. for months. On paper it might look valid But when looked at as a whole in relation to what generally happens to residents who get into fights it becomes apparent that the placement on long term segregation is out of the ordinary when all other resident only get 7 day dis seg. Its the plaintiffs experience that similar masked retaliation tactics are used when defendants want to put pressure on a plaintiff or attempt to moot claims. (As was done to the plaintiff in the previous civil action).

8) As to prevent any attempt to retaliate against the plaintiff either direct or a masked retalitory tatic the plaintff request the Court barr any retalitory transfers or transfer to any other K.D.O.C facility. The plaintiff had to pay $400 of his own money to file this action. He is a college student and enrolled for next semister also and has paid for the classes, and has a job. Any transfer to any other facility wouldn't make any logical sense.

Wherefore the plaintiff request the court grant his motion and/or enter a order that would prevent any retalitory tactic or

4

act whether direct, indirect, or disguised act specifically any transfer to any other K.D.O.C facility but E.D.C.F, while held in K.D.O.C custody so the plaintiff can litigate this civil action properly without undue hardship.

Respectfully submitted
Deron McCoy Jr

Certificate of Service

I Deron McCoy Jr hereby certify that on this 6th day of Dec, 2023 I submitted the foregoing Motion to staff at E.D.C.F for e filing in the U.S Dist court for the dist of Ks

/s/ Deron McCoy Jr