Deron McCoy Jr. #76894
P.O. Box 311
Eldorado, KS 67042

United States District Court for the
District of Kansas 10th Cir

Deron McCoy,
   Plaintiff

vs.

Case No
21-3269-TC-ADM

Praluck Correctional Services
et al Defendants

## Plaintiff response to Courts order to Show cause

Comes now the plaintiff Deron McCoy in a pro se motion and request that allow proper service be made upon the defendants in the above captioned case who have not had service made upon them. Plaintiff further submits to the court the following facts to support his showing of cause why the court should not dismiss his complaint

### Facts

1) On November 16, 2022, the court directed the clerk to "prepare waiver of service and transmit them to the defendant

(1)

2. the clerk issued waiver of service of summons to defendants that same day.

3. The defendants who were labeled as K.D.O.C. employee, waiver of service were served upon the [D.O.C ...], while the defendants who were labeled as Aramark employees waiver of services were served upon Aramark Correctional service.

4. All but the two waiver of service as to Jeff zmuda and Aramark correctional service were returned unexecuted.

5. The Kansas Attorney General's office then told the court that Becca and Singletary are former employees of K.D.O.C. and that the remaining four defendants Fell.a, Friedman, Coats and Hays are not current or former K.D.O.C. employees

6. KDOC supplied the clerk with the the address of the two defendants under seal

7. The plaintiff is not provided with

(2)

with address of K.D.O.C employees as that is consider confidential information not disclosed under KORA or FOIA

8. The court further directed the defendants that (3) if it will not accept waiver of service for these defendants then provide the last known addressed, if any, it has for these defendants

9. Defendant S. Gletary was a employee with Teamach correctional services at the time the constitutional violations he took part in occured.

10. Although Defendant B. Friedman may not be directly employeed by K.D.O.C he is a contract worker who is paid by K.D.O.C. Just like Defendant S. Coats is.

11. The plaintiff has found what he believes is a previous address of defendant Ben Friedmans place of employment as well as his current place of employment ; previous "The chabad house center c/o Rabbi B. Friedman 6201 Indian Creek Dr. Overland Park, KS 66207 Current address "Torah learning center c/o B. Friedman 8800 W 103rd st overland Park KS 66212

(3)

## Discussion

As stated above the plaintiff has now supplied the court with two addresses that have been associated with defendant Friedman as his place(s) of employment. Hopefully the plaintiff believes that defendant Friedman can be located at one of these addresses or these addresses can be used by the court or US marshalls to locate defendant Friedman.

Secondly The plaintiff submits to the court that defendant Friedman is a person for whom the state is resposible and therefore acted under the color of state law and is thus the same as a government entity also defendant Friedman

## Standard

Plaintiff must " sufficiently allege that although they were not governmental entities, they were acting "under the color of state law" because thier actions were "fewrly attributable to the state" Wyatt v. Cole 504 U.S. 158, 162 (1992) (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)). To meet this burden, plaintiff must show 1)

(4)

that his deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible", and (2) that "the private party must have acted together with or ... obtained significant aid from state officials or engaged in conduct otherwise chargeable to the state."

In this matter the plaintiff is incarcerated in K.D.O.C. Eldorado correctional facility. K.D.O.C contracts with Aramark to provide meals to residents of K.D.O.C, Aramark employees a Rabbi (M. Fellig) to review the CRD menu for kosher certification. The CRD menu only though, he also puts a disclaimer on the CRD that he is not overseeing the preparation and service of the CRD therefore cannot attest that it meets kosher dietary laws.

K.D.O.C employees Defendant Friedman who by his own testimony regularly reviews K.D.O.C preparation and service of the CRD for what he claims is to ensure that the CRD meets Jewish dietary laws. In this capacity, defendant Friedman operates in a gatekeeper role and is supposed to ensure that K.D.O.C preparation and service of CRD

⑤

meal(s) item meet Kosher dietary laws, (which they do not which makes the CRD Non-Kosher) So basically K.D.O.C relys on Defendant Friedman to tell them if CRD is Kosher or not, at the preparation and service end of the CRD. So if defendant Friedman says yes and the CRD does not actually meet Jewish dietary laws, as is the case at hand for this civil action, then the resident of K.D.O.C who are on CRD will all receive meals that are prepared according to his recomendations and/or what way he says that the preparation or in what manner or what the CRD should be prepared or served. essential Defendant Friedman role with K.D.O.C allow him the ability to determine what food and in what manner meals or meal items are served to residents on CRD. This is act generally attributed to the state /K.D.O.C. also in doing so defendant Friedman acted together with K.D.O.C and engaged in conduct otherwise chargeable to the state. This act is the same as contracting with the state to provide food services to prisoners

⑥

which courts in this district have suggested is likely sufficient for § 1983 liability see Gallagher v. Shelton, No. 03-3454-SAC, 2009 WL 902397 at N.15 D. Kan. Mar. 31, 2009 see also West v. Atkins, 487 487 U.S. 42, 54 1988))

Since for all reasonable purposes of the law Defendant is a state actor shouldn't defendant Friedman be represented by the same counsel that all other KDOC employees/state actors are? The plaintiff believes so as if KDOC would not have contracted with defendant Friedman and given him the authority to determine how the CRD is prepared and served then the plaintiff wouldn't be being served a meal that doesn't meet Jewish dietary laws for preparation and (which renders it non-kosher.)
Therefore the plaintiff submits to the court that the Attorney General of Kansas should have to be responsible for representing defendant Friedman Just like they have to all other KDOC/ State actors of prisons ~~employee~~ in KDOC to Fed. R. Civ. P. 4(e) provides that an Individual may be served following state law for serving a summons... delivering

a copy of the summons and of the complaint to the individual personally ... leaving a copy at the individuals dwelling or usual place of abode with someone of suitable age and discretion who resides there .... or delivering a copy of each to an agent authorized by appointment or by law to recieve service of process.

In all matters and civil actions in the federal courts of US the Attorney General of Kansas is appointed to represent K.D.O.C employees, and thus constitute are authorized to recieve service of process for K.D.O.C. employees who are sued under the color of law.

Further more in regard to defendant Singleterry, said defendant is the K.D.O.C State contract monitor, and is a K.D.O.C actual employee, and thus the Kansas Attorney general should also accept service of process for defendant Singletary.

Lastly, the plaintiff has previously requested via motion that the court have the clerk issue waiver of service forms upon the named defendants, which the court did so. The address for

(8)

the defendants were filed under seal as the information for KDOC or Attorney employees or former employees are considered sensitive informations and arent supplied to KDOC residents / inmates. This type of information will not be released to inmates by KDOC Administration at all, and therefore there would be no way that the defendant could legitamently obtain that type of information in regard to home addresses of KDOC employees [current or former]. Furthermore the 10th Cir has found "that the plaintiff should not be penalized by having his actions dismissed for failure to effect service where the U.S. Marshall or the court clerk has failed to perform his duties Pratt, 912 F.2d at 275." so long as the prisoner has furnished the information necessary to identify the defendant, the Marshalls failure to effect service is Automatically "good cause" within the meaning of law Sellers v. United States 902 F.2d 598, 603 (7th Cir. 1990) cited from Walker v. Sumner 14 F.3d 1410). Olsen v Mapes 333 F.3d 199 Also this Court has found That a district court should not dismiss a pro se plaintiffs complaint for failure to effect proper service without first providing the plaintiff with

(9)

specific instructions on how to the defects in service id at 1204-08 <u>reasner Olsen v. Mapes 333 F.3d 1194 Id at 1204-05 (10th Cir. 2003)</u>

That has not occurred in this matter if there is anything else the plaintiff could do to help effect service specifically. The plaintiff request the court to inform him what to do specifically. Also defendant S. Coats was also a contract employee but the US AG accepted service for her.

<u>CONCLUSION</u>

For all the foregoing reasons the plaintiff request the court find that good cause has been shown by the plaintiff and that the court inform the plaintiff of any specific way he can help effect service on the defendants and/or make a ruling that will help effect proper service upon the named defendants.

Respectfully submitted,
Dellon McCoy Jr

(10)

Certificate of service

I Derlon McCoy, Jr hereby certify that on this 29th day of March 2024 I submitted the foregoing response to courts order of show cause to staff on the D.O.C EJCF for e-filing in the U.S District Court for the District of Kansas 10th Cir

> Derlon McCoy, Jr

(11)