Devon McCoy #76819
P.O. Box 311
Eldorado KS, 67042

United States District Court
For the District of Kansas

Devon McCoy Jr,
    Plaintiff,

vs.

Pramuck Correctional Services,
    Defendants

Case No. 21-3209-TC-1/DA

## Plaintiff's Motion requesting His claim against Defendant Zmuda be renewed/revived

Comes now the plaintiff Devon McCoy Jr pro se and submits to the court that his claim against defendant Zmuda is no longer moot as the plaintiff has been placed in Restrictive Housing again and he is being subject to the same violation of his religious rights. In support of said motion plaintiff states the following

### Facts

1) On 3/30/2024 the plaintiff was attacked

(1)

by another inmate who was welding a homemade weapon. The plaintiff was stabbed in his forearm before wrestling the other inmate to the ground and neutralizing the threat.

2) The plaintiff was brought to RHU/segregation pending the outcome of the Disciplinary hearing.

3) The plaintiff was written a DR for fighting, disobeying and Dangerous contraband (for the weapon that he took from the other inmate during the altercation).

4) At the DR hearing it was proven that the other inmate attacked the plaintiff with the weapon and that the plaintiff took the weapon from the other inmate (by video surveillance of the incident captured by camera).

5) The Dangerous contraband DR infraction was dismissed against the plaintiff and he plead no contest to the fighting DR on a plea that would give him time served, that occured on 5/8/24

6) The plaintiff was placed on the kickout list to go back out to general population at

(2)

E.D.C.F that same day.

7) It is now 5/21/2024 and the plaintiff is still in segregation alledgedly "waiting on bed space".

8) Prior to the incident the plaintiff was/is the representative for the Judiac/Jewish callout at E.D.C.F. As representative he is responsible for ordering food, banquets, and required food items for religious observances of the members of the Jewish callout and ordered additional meals & meal items for the observance of Pesach or Passover, for himself and the two other members of his callout. (Pesach last 8-days)

9) The Plaintiff is the only member who has donated money to the Jewish Callout account. The other members are not financial able to.

10) For the observance of Pesach/Passover The plaintiff order through chaplaincy at E.D.C.F from "Aleph" - 1-seder plate w/ required symbolic meal items in it; 2-Horseradish sauces; 8 TV shelf stable chicken w/potatoes meals; 8-Beef goulash and veg shelf stable T.V Dinners; 4-Beef stuffed cabbage shelf stable

(3)

Two Dinners, and 4-Gefilte Fille Fish meals shelf-stable - All factory sealed with Kosher for passover certification

11) Additionally the plaintiff order contained lettuce from walmart and cookies from wal-mart through Aramark. (Romaine lettuce for seder observance) (cookies for last day of Pesach as it is required to eat sweets with leaven in them at the conclusion of Pesach).

12) On Friday 4/19/2024 The regular passover Matzos (unleavened bread)(grape juice and coffee and tea and sweetners,) were passed out by Aramark. During this high holiday Aramark provides 3 meals that are Kosher for passover (as there is additional certification of meals that they be Kosher for Passover and not Just Kosher.) This is the only time Aramark provides factory sealed Kosher meals free of charge.)

13) The Chaplain Herbie Harris sent a response to a form-9 (CSTL electronic form-9) that he would be passing out the meal item from Aleph (NOT Aramark) on 4/19/24, to inmate on Jewish callout (three inmates).

14. The plaintiff did not recieve any of the items that he order from Aleph on 4/19/24

(4)

15. It appears to the plaintiff that he has been denied the opportunity to participate in Pesach and been denied the items he paid for and order specifically for himself. (Ledders prior to pesach)

## Discussion

As detailed above there is nothing that would prevent the plaintiff from being placed in segregation. He can only be responsible for his own actions. And can not be expected to not defend himself from being attacked by another inmate who is welding a weapon (while he is unarmed.) The plaintiff has a right to stand his ground pursuant to Kansas statue. Yet the plaintiff is still in segregation (RHU) weeks after it has been determined by video evidence that he was attacked by a inmate welding a weapon, and also weeks since it was determined that the plaintiff be 'killed-out'/ returned to general population. Not only does the plaintiff have a likelyhood of being placed in RHU, this situation highlights and proves this happened (as it is currently happening) but that there is a highly likely possibility that things like this occur in prison. The smallest debate, disagreements, difference of

(5)

opinion, and even glances or look at another inmate can lead to violent unproved situations.

Not only is the plaintiff being denied access to his religious practice, he is also losing his property (money deposited for purchase) of his portion of the Pesach meal items)

Wherefore the plaintiff request this court review the plaintiffs claim of denial of right to practice his religious beliefs against defendant Zmuda, and further determine that there is always a likelyhood that the plaintiff could return to RHU/segregation and suffer a denial of his rights if the court doesn't intervene and make a ruling to prevent this.

Respectfully submitted,
Date 5/2/2024    LeRoy McCoy, II

(6)

## Certificate of Service

I Delon McCoy Jr hereby certify that I submitted the foregoing Motion for review to staff at E.D.C.F. for e-filing in the U.S. Dist court for the District of Kansas 10th clc on this 2nd day of May, 2024

/s/ Delon McCoy Jr