**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DERON McCOY Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 21-3269-TC-ADM** |
| ) | |
| **ARAMARK CORRECTIONAL** ) | |
| **SERVICES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANT ZMUDA'S RESPONSE TO MOTION TO RECONSIDER

Defendant Jeff Zmuda submits this response in opposition to Plaintiff Deron McCoy Jr.'s Motion Requesting His Claim Against Defendant Zmuda be Renewed/Revived ("Motion") (Doc. 102). Zmuda states the following in support.

McCoy does not identify any legal authority under which any claims against Zmuda could be reinstated. The Motion appears to be a motion to reconsider under Federal Rule of Civil Procedure 60(b)(6) although it was not titled or docketed that way. Because the Motion was not docketed as a motion to reconsider but appears to be one in substance, Defendant Zmuda is uncertain whether D. Kan. Rule 6.1(d)(3) or (4) applies to govern his response. Rule 6.1(d)(3) governs responses to motions to reconsider, and it does not require a response unless ordered by the court, but it also does not prohibit a response. Rule 6.1(d)(4) sets a 14-day response deadline for motions in general. Because the Motion remains pending as of the 14-day response deadline under 6.1(d)(4), Zmuda is filing this response out of an abundance of caution.

If the Motion were considered a motion to reconsider under D. Kan. Rule 7.3, it would be out of time. The local rules, in D. Kan. Rule 7.3, set a general deadline of 14 days for motions to reconsider "[e]xcept for "motions under Fed. R. Civ. P. 59(e) or 60." Here, the relevant order of

this Court was entered on February 16, 2024. (Doc. 95.) McCoy's current Motion was filed 80 days later, on May 6, 2024. (Doc. 102.) So if the Motion were a motion under D. Kan. Rule 7.3, it would plainly be out of time.

If the Motion was considered a motion under Federal Rule of Civil Procedure 59(e), it would be premature. That rule governs motions to alter or amend a judgment and requires such motions to "be filed no later than 28 days after the entry of the judgment." Here, no judgment has yet been entered, so such a motion would be premature. Alternatively, the Motion was filed 80 days after the relevant court order, which is more than 28 days. So even if the court order were considered a "judgment," the Motion would be out of time.

The Motion could perhaps be considered a motion under Federal Rule of Civil Procedure 60, which provides a list of possible grounds for relief from a court order. Rule 60(b)(2) allows relief from a court order on the grounds of "newly discovered evidence." But here, McCoy has not submitted any new admissible evidence. So no "newly discovered evidence" is before the Court. Therefore, the Motion cannot succeed under Rule 60(b)(2).

Rule 60(b)(6) allows relief from a court order for "any other reason that justifies relief." But here, McCoy has not presented any valid reasons to justify relief. McCoy is attempting to bring *new* claims, and he has not overcome the primary grounds for the court order dismissing his claims against Zmuda. First, McCoy is currently bringing different claims than before. He was previously complaining about not receiving food items "free of charge." (Doc. 95 at 8, 10 (quoting Doc. 24 at 28-29).) As the Court's order stated: "Prisoners in restrictive segregation may be unable to purchase certain foods. But McCoy's suit does not ask that they be able to do so—he wants meals provided without cost." (Doc. 95 at 8.) Now McCoy is complaining about a different matter entirely: that he did not receive food items in segregation that he *paid for* before

being transferred to segregation. (Doc. 102 at ¶¶ 1-2, 6-11, 13-15.) That is simply not the same claim, so it is irrelevant to determining whether any dismissed claims against Zmuda should be reinstated.

Further, McCoy's earlier claims against Zmuda were not denied primarily on mootness grounds.[1] That was an *alternative* holding regarding *injunctive relief only*. (Doc. 95 at 10 n.9 ("Count IV would be moot to the extent that it seeks injunctive relief *even if McCoy could assert it*." (emphasis added)).) The primary holdings on McCoy's claims against Zmuda were:

(1) issue preclusion precluded the claims that were not about lack of certain food items (Doc. 95 at 4 ("Issue preclusion prevents McCoy from relitigating his cross-contamination and failure to supervise claims."));

(2) for the remaining claims (about not receiving certain food items free of charge) claim preclusion precluded official-capacity claims (Doc. 95 at 5-7 ("McCoy's official-capacity claims against Zmuda . . . are precluded"));

(3) RLUIPA does not allow individual-capacity claims (Doc. 95 at 9-10 ("there is no cause of action under RLUIPA for individual-capacity claims"));

(4) Section 1983 does not allow individual-capacity claims for injunctive relief (Doc. 95 at 9-10 ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages")); and

(5) for the § 1983 damages claim, qualified immunity applied (Doc. 95 at 10 ("qualified immunity requires dismissal")).

---

[1] Although McCoy does not use the word "mootness" in his Motion, he appears to implicitly attack the Court's alternative holding of mootness (Doc. 95 at 10 n.9) by suggesting that his return to segregation means his claims should be reinstated. (*See* Doc. 102 at 5-6.)

So mootness is irrelevant. McCoy has not overcome the primary grounds for the court order dismissing the claims against Zmuda.

Therefore, for these reasons, and because McCoy has cited no legal authority in support of his Motion, Defendant Zmuda requests that the Court deny McCoy's Motion.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Dylan L. Murray
Baker, Sterchi, Cowden & Rice, LLC - Pershing
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
dmurray@bscr-law.com
*Attorney for Aramark Correctional Services, LLC*

James Scott Kreamer
Baker, Sterchi, Cowden & Rice, LLC - Pershing
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
kreamer@bscr-law.com
*Attorney for Aramark Correctional Services, LLC*

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
Natasha.Carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

Deron McCoy, Jr. #76894
El Dorado Correctional Facility-Central
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General