**In the United States District Court
for the District of Kansas**

———————

Case No. 21-cv-03269-TC-ADM

———————

DeRon McCoy, Jr.,

*Plaintiff*

v.

Aramark Correctional Services, et al.,

*Defendants*

———————

## ORDER

DeRon McCoy, Jr., proceeding pro se, sued the defendants for allegedly violating his First Amendment rights and the requirements of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* Doc. 24. His claims against all defendants except Friedman and Singletary were dismissed, as those defendants had yet to be served or asked to waive service. *See* Doc. 95 at 14. As a result, McCoy was ordered to "demonstrate good cause" for failing to serve those defendants. *Id.* at 15. His response to the show cause order, Doc. 99, and subsequent request for "issuance of waiver of service," Doc. 104, argued that the court should issue a waiver of service to Friedman at several addresses McCoy supplied and to the Kansas Department of Corrections as an authorized agent for Singletary. His request is denied and his claims against Friedman and Singletary are dismissed without prejudice under Fed. R. Civ. P. 4(m).

Under Fed. R. Civ. P. 4(c)(1), a plaintiff is responsible for serving defendants "within the time allowed by Rule 4(m)," which provides that service must occur within 90 days of filing the complaint or "if the plaintiff shows good cause" within an additional "appropriate period" set by a court. If a plaintiff fails to serve a defendant, a court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). There is an exception under Rule 4(c)(3), which makes the court responsible for service when a plaintiff is proceeding in

1

forma pauperis under 28 U.S.C. § 1915(d). In most other cases, a court "may" order service by the United States Marshal if the plaintiff requests, but is not required to do so. *See* Fed. R. Civ. P. 4(c)(3).

Plaintiff is not proceeding in forma pauperis in this action—issuance of a waiver of service by the court is thus not mandatory—and his request to issue a waiver is denied. Regarding Singletary, there are two reasons to decline to issue a waiver. First, service by the United States Marshalls Service has already been attempted at Singletary's last known address. *See* Doc. 56 at 2. Service of a summons was returned unexecuted, *see* Doc. 72, just as a prior attempt at sending a waiver of service had been, *see* Doc. 28. A pro se incarcerated plaintiff is not entitled to "an unlimited number of attempts" to serve a defendant, nor is the U.S. Marshalls Service required to locate a defendant on a pro se plaintiff's behalf. *Hardeman v. Smash*, No. 21-7018, 2022 WL 470741, at *2 (10th Cir. Feb. 16, 2022); *see also Pierce v. Kobach*, No. 24-3008, 2024 WL 1757163 (10th Cir. Apr. 24, 2024) (affirming the dismissal of a pro se incarcerated plaintiff's complaint for failure to serve). And second, McCoy provides no support for his argument that the Kansas Department of Corrections can be served in lieu of Singletary as Singletary is a former, rather than current, employee of the KDOC. *See* Doc. 56 at 1.

Regarding Friedman, while McCoy has provided two new addresses to send a waiver to, the provided addresses appear to be houses of worship with which Friedman may be associated. But service on a house of worship that is not "authorized by appointment or by law to receive service of process" is not a proper method of service under the federal rules. *See* Fed. R. Civ. P. 4(e)(2)(C). And it is not expressly provided for as a proper method of service under Kansas law either. *See* Fed. R. Civ. P. 4(e)(1); *see, e.g.*, Kan. Stat. Ann. § 60-304(a); Kan. Stat. Ann. § 60-307.

For the foregoing reasons, McCoy's Request for the Issuance of a Waiver of Service, Doc. 104, is DENIED. As a result, his claims against Friedman and Singletary are dismissed without prejudice under Fed. R. Civ. P. 4(m).

It is so ordered.

Date: August 5, 2024                           s/ Toby Crouse
                                                                              Toby Crouse
                                                                              United States District Judge